**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| NEURAL AI, LLC<br><br>       Plaintiff,<br><br>   v.<br><br>NVIDIA CORPORATION.,<br><br>       Defendant. | Civil Action No. 7:24-cv-00221<br><br>**JURY TRIAL DEMANDED** |

## <u>DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT</u>

Defendant NVIDIA Corporation ("NVIDIA") hereby answers Plaintiff Neural AI, LLC's ("Plaintiff") Amended Complaint for Patent Infringement (Dkt. 30) ("Complaint"). The headings and subheadings in Defendant's Answer are used solely for purposes of convenience and organization to mirror those appearing in the Complaint; to the extent that any headings or other non-numbered statements in the Complaint contain or imply any allegations, Defendant denies each and every allegation therein. Except as expressly admitted, all allegations in the Complaint are denied.

1.     Defendant admits that graphics processor units may be used for artificial intelligence, machine learning, or complex numerical simulation applications. Defendant admits that GPU computing powers many of the most advanced and powerful forms of artificial intelligence over the past decade. Defendant denies the remaining allegations of Paragraph 1.

2.     Defendant admits that graphics processor units may be used for complex numerical simulation, machine learning, and training complex models. Defendant further admits that graphics processor units typically have more computational processors than central processing units and are capable of parallel processing. Defendant does not have knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and on that basis denies them.

3.    Defendant denies the allegations in Paragraph 3 of the Complaint.

4.    Defendant denies the allegations in Paragraph 4 of the Complaint.

## NATURE OF THE CASE

5.    Defendant admits that Plaintiff has asserted claims for patent infringement arising under 35 U.S.C. § 1, et seq., but denies all of Plaintiff's allegations of infringement.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis denies them.

7.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and on that basis denies them.

8.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies them.

9.    Defendant admits that Defendant is a Delaware corporation with its headquarters in Santa Clara, California.  Defendant further admits that it is registered to conduct business in Texas.  Defendant further admits that it has an office in Austin, Texas.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

## JURISDICTION & VENUE

10.    Defendant admits that Plaintiff purports to assert claims for patent infringement arising under 35 U.S.C. § 1, et seq., but denies all claims of infringement by Defendant. Defendant admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

2

and 1338(a).  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendant admits that this Court has personal jurisdiction for the purpose of this particular action and that it does business in Texas and in this District.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendant admits that Defendant has conducted business in within this District, but denies all allegations of infringement.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendant admits that this Court has personal jurisdiction for the purpose of this particular action.  To the extent the allegations of Paragraph 13 purport to quote from or characterize the contents of written documents, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 13 of the complaint.

14.     Defendant admits that venue is proper for this case but denies that it is a convenient forum for NVIDIA and its witnesses.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 14 of the complaint.

15.     Defendant Nvidia Corporation is a registered business in Texas and has regular and established places of business Defendant admits that it is a registered business in Texas and maintains an office located at 11001 Lakeline Blvd, Suite 100 Bldg. 2, Austin, Texas 78717.  To the extent the allegations of Paragraph 15 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 15 of the complaint.

16.    Defendant admits that it has hundreds of employees in this District.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and on that basis denies them.

17.    Defendant admits that it has open job postings for jobs that may be filled in a number of locations, including in this District.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and on that basis denies them.

18.    Defendant admits that it engages it engages in business in this District.  Defendant admits that it has customer-facing personnel and operations in this District.  Defendant admits that it provides technical support to partners and customers for its products in this District.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations in Paragraph 19 of the Complaint.

20.    Defendant admits that it sells products and provides services in the State of Texas, but denies that those products or services infringe the Asserted Patents.  To the extent the allegations in Paragraph 20 of the Complaint relate to the knowledge or actions of third parties, Defendant does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.    Defendant admits that it sells products and provides services in the State of Texas, but denies that the use of those products or services infringes the Asserted Patents.  To the extent the allegations in Paragraph 21 of the Complaint relate to the knowledge or actions of third parties, Defendant does not have knowledge or information sufficient to form a belief as to the

4

truth of those allegations and on that basis denies them.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Defendant admits that it partners with resellers and managed service providers for the sale or installation of certain NVIDIA products.  To the extent the allegations of Paragraph 22 purport to quote from or characterize the contents of websites, those documents speak for themselves.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Defendant admits that it partners with data center providers.  To the extent the allegations of Paragraph 23 purport to quote from or characterize the contents of written documents, those documents speak for themselves.  To the extent the allegations in Paragraph 23 of the Complaint relate to the knowledge or actions of third parties, Defendant does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     To the extent the allegations of Paragraph 25 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26.     To the extent the allegations of Paragraph 26 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27.     To the extent the allegations of Paragraph 27 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     To the extent the allegations of Paragraph 29 purport to quote from or characterize the contents of written documents, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

### PLAINTIFF'S PATENTED INNOVATIONS

31.     Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and on that basis denies them.

The GPU-Based Acceleration Patents
U.S. Patent Nos. 8,648,867, RE49,461, and RE48,438

32.     Defendant admits that the '461 Patent purports to be a continuation of the '438 Patent, which purports to be an application for reissue of U.S. Patent No. 9,189,828, which purports to be a continuation of the '867 Patent.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendant admits that Exhibit 1 to the Complaint appears to be a copy of the '867 Patent, which is titled "Graphic Processor Based Accelerator System and Method," was filed on September 24, 2007, and was issued on February 11, 2014.  Defendant further admits that the '867 Patent purports to claim priority to U.S. Provisional App. No. 60/826,892 but denies that the '867 Patent is entitled to that claim of priority.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

6

34.    Defendant admits that Exhibit 2 to the Complaint appears to be a copy of the '438 Patent, which is titled "Graphic Processor Based Accelerator System and Method," was filed on November 9, 2017, and was issued on February 16, 2021.  Defendant further admits that the '438 Patent purports to claim priority to U.S. Provisional App. No. 60/826,892 but denies that the '438 Patent is entitled to that claim of priority.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

35.    Defendant admits that Exhibit 3 to the Complaint appears to be a copy of the '461 Patent, which is titled "Graphic Processor Based Accelerator System and Method," was filed on December 29, 2020, and was issued on March 14, 2023.  Defendant further admits that the '461 Patent purports to claim priority to U.S. Provisional App. No. 60/826,892 but denies that the '461 Patent is entitled to that claim of priority.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36.    To the extent the allegations of Paragraph 36 purport to quote from or characterize the contents of the '867 Patent, that document speaks for itself.  Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37.    To the extent the allegations of Paragraph 37 purport to quote from or characterize the contents of the '867 Patent, that document speaks for itself.  Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38.    To the extent the allegations of Paragraph 38 purport to quote from or characterize the contents of the '867 Patent, that document speaks for itself.  Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39.     To the extent the allegations of Paragraph 39 purport to quote from or characterize the contents of the '461 and '438 Patents, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40.     To the extent the allegations of Paragraph 40 purport to quote from or characterize the contents of the Asserted Patents, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

## ACCUSED PRODUCTS

41.     Defendant admits that it offers GPUs and various hardware and software products, but specifically denies that those products infringe the Asserted Patents.  To the extent the allegations of Paragraph 41 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendant admits that "Hopper," "Ada Lovelace," "Ampere," "Turing," "Volta," "Pascal," and "Maxwell" are architectures of Defendant's GPUs but specifically denies that those products infringe the Asserted Patents.  To the extent the allegations of Paragraph 42 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43.     Defendant admits that its products include the H100 and H200 GPUs, but specifically denies that those products infringe the Asserted Patents.  Defendant further admits that it offers the GH200 "Grace Hopper Superchip," but likewise specifically denies that this product infringes the Asserted Patents.  To the extent the allegations of Paragraph 43 purport to quote from or characterize the contents of websites, those documents speak for themselves.

8

Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44. Defendant admits that its products include GPUs with the Ada Lovelace architecture, but specifically denies that those products infringe the Asserted Patents. To the extent the allegations of Paragraph 44 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45. Defendant admits that its products include GPUs with the Ampere architecture, but specifically denies that those products infringe the Asserted Patents. To the extent the allegations of Paragraph 45 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 45 of the Complaint.

46. Defendant admits that its products include GPUs with the Turing architecture, but specifically denies that those products infringe the Asserted Patents. To the extent the allegations of Paragraph 46 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 46 of the Complaint.

47. Defendant admits that its products include GPUs with the Volta architecture, but specifically denies that those products infringe the Asserted Patents. To the extent the allegations of Paragraph 47 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 47 of the Complaint.

48.     Defendant admits that its products include GPUs with the Pascal architecture, but specifically denies that those products infringe the Asserted Patents.  To the extent the allegations of Paragraph 48 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 48 of the Complaint.

49.     Defendant admits that its products include GPUs with the Maxwell architecture, but specifically denies that those products infringe the Asserted Patents.  To the extent the allegations of Paragraph 49 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 49 of the Complaint.

50.     Defendant admits that certain of Defendant's GPU architectures support the CUDA platform.  To the extent the allegations of Paragraph 50 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51.     Defendant admits that it has marketed products under the EGX, HGX, DGX, and OVX product names, but specifically denies that those products infringe the Asserted Patents. To the extent the allegations of Paragraph 51 purport to quote from or characterize the contents of websites, those documents speak for themselves. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 51 of the Complaint.

52.     To the extent the allegations of Paragraph 52 purport to quote from or characterize the contents of websites, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

10

53. Paragraph 53 of the Complaint does not contain any allegation which requires a response.

54. To the extent the allegations of Paragraph 54 purport to quote from or characterize the contents of websites, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 54 of the Complaint.

55. To the extent the allegations of Paragraph 55 purport to quote from or characterize the contents of websites, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 55 of the Complaint.

56. To the extent the allegations of Paragraph 56 purport to quote from or characterize the contents of websites, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 56 of the Complaint.

57. To the extent the allegations of Paragraph 57 purport to quote from or characterize the contents of websites, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 57 of the Complaint.

58. To the extent the allegations of Paragraph 58 purport to quote from or characterize the contents of websites, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 58 of the Complaint.

59. To the extent the allegations of Paragraph 59 purport to quote from or characterize the contents of websites, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 59 of the Complaint.

60. To the extent the allegations of Paragraph 60 purport to quote from or characterize the contents of websites, those documents speak for themselves. Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '867 PATENT)

61.     Defendant restates and incorporates by reference its answers to the preceding paragraphs of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint does not contain any allegation which requires a response.

64.     Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 64 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 64 of the Complaint.

65.     Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 65 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 65 of the Complaint.

66.     Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 66 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 66 of the Complaint.

67.     Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 67 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 67 of the Complaint.

68.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 68 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 68 of the Complaint.

69.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 69 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 69 of the Complaint.

70.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 70 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 70 of the Complaint.

71.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 71 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 71 of the Complaint.

72.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 72 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 72 of the Complaint.

73.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 73 purport to quote from or characterize the contents of

websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 73 of the Complaint.

74.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 74 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 74 of the Complaint.

75.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 75 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 75 of the Complaint.

76.    Defendant denies the allegations in Paragraph 76 of the Complaint.

77.    Defendant admits that Mr. Sanford Russell was employed by NVIDIA in 2007. Defendant denies that Mr. Russell was, at any point in time, the CTO of NVIDIA.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged communications between NVIDIA employees and Neurala made in 2007 and on that basis denies them.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 77 of the Complaint.

78.    Defendant admits that, in or around 2016, Defendant had discussions with Neurala, Inc. and that at least Mr. Alvin Lin and/or Mr. Jeff Herbst from Defendant were involved.  Defendant also admits that, in 2016, Defendant had discussions with at least one of the inventors regarding potential investments in Neurala, Inc.  Defendant denies the remaining allegations in Paragraph 78 of the Complaint.

14

79. Defendant admits that it hosted its GPU Technology Conference in May of 2017. To the extent the allegations of Paragraph 79 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant admits that it sells and has sold its products and provides certain technical support to its customers for those products. To the extent the allegations of Paragraph 87 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '438 PATENT)

94. Defendant restates and incorporates by reference its answers to the preceding paragraphs of the Complaint.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint does not contain any allegation which requires a response.

97. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 97 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 97 of the Complaint.

98. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 98 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 98 of the Complaint.

99. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 99 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 99 of the Complaint.

100. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 100 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 100 of the Complaint.

16

101.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 101 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 101 of the Complaint.

102.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 102 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 102 of the Complaint.

103.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 103 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 103 of the Complaint.

104.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 104 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 104 of the Complaint.

105.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 105 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 105 of the Complaint.

106.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 106 purport to quote from or characterize the contents of

websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 106 of the Complaint.

107.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 107 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 107 of the Complaint.

108.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 108 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 108 of the Complaint.

109.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 109 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 109 of the Complaint.

110.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 110 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 110 of the Complaint.

111.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 111 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 111 of the Complaint.

112. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 112 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 112 of the Complaint.

113. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 113 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 113 of the Complaint.

114. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 114 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 114 of the Complaint.

115. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 115 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 115 of the Complaint.

116. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 116 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 116 of the Complaint.

117. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 117 purport to quote from or characterize the contents of

websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 117 of the Complaint.

118.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 118 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 118 of the Complaint.

119.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 119 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 119 of the Complaint.

120.    Defendant denies the allegations in Paragraph 120 of the Complaint.

121.    Defendant admits that Mr. Sanford Russell was employed by NVIDIA in 2007. Defendant denies that Mr. Russell was, at any point in time, the CTO of NVIDIA.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged communications between NVIDIA employees and Neurala made in 2007 and on that basis denies them.  Defendant admits that it became aware of the '438 Patent since at least the filing of this Complaint.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 121 of the Complaint.

122.    Defendant admits that, in or around 2016, Defendant had discussions with Neurala, Inc. and that at least Mr. Alvin Lin and/or Mr. Jeff Herbst from Defendant were involved.  Defendant also admits that, in 2016, Defendant had discussions with at least one of the inventors regarding potential investments in Neurala, Inc.  Defendant denies the remaining allegations in Paragraph 122 of the Complaint.

123. Defendant admits that it hosted its GPU Technology Conference in May of 2017. To the extent the allegations of Paragraph 123 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 123 of the Complaint.

124. Defendant denies the allegations in Paragraph 124 of the Complaint.

125. Defendant denies the allegations in Paragraph 125 of the Complaint.

126. Defendant denies the allegations in Paragraph 126 of the Complaint.

127. Defendant denies the allegations in Paragraph 127 of the Complaint.

128. Defendant denies the allegations in Paragraph 128 of the Complaint.

129. Defendant denies the allegations in Paragraph 129 of the Complaint.

130. Defendant denies the allegations in Paragraph 130 of the Complaint.

131. Defendant admits that it sells and has sold its products and provides certain technical support to its customers for those products. To the extent the allegations of Paragraph 131 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 131 of the Complaint.

132. Defendant denies the allegations in Paragraph 132 of the Complaint.

133. Defendant denies the allegations in Paragraph 133 of the Complaint.

134. Defendant denies the allegations in Paragraph 134 of the Complaint.

135. Defendant denies the allegations in Paragraph 135 of the Complaint.

136. Defendant denies the allegations in Paragraph 136 of the Complaint.

137. Defendant denies the allegations in Paragraph 137 of the Complaint.

## THIRD CAUSE OF ACTION
## (INFRINGEMENT OF THE '461 PATENT)

138. Defendant restates and incorporates by reference its answers to the preceding paragraphs of the Complaint.

139. Defendant denies the allegations in Paragraph 139 of the Complaint.

140. Paragraph 140 of the Complaint does not contain any allegation which requires a response.

141. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 141 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 141 of the Complaint.

142. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 142 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 142 of the Complaint.

143. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 143 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 143 of the Complaint.

144. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 144 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 144 of the Complaint.

145. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 145 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 145 of the Complaint.

146. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 146 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 146 of the Complaint.

147. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 147 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 147 of the Complaint.

148. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 148 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 148 of the Complaint.

149. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 149 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 149 of the Complaint.

150. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 150 purport to quote from or characterize the contents of

websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 150 of the Complaint.

151.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 151 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 151 of the Complaint.

152.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 152 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 152 of the Complaint.

153.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 153 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 153 of the Complaint.

154.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 154 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 154 of the Complaint.

155.    Defendant specifically denies that it has infringed any of the Asserted Patents.  To the extent the allegations of Paragraph 155 purport to quote from or characterize the contents of websites, those websites speak for themselves.  Defendant denies the remaining allegations in Paragraph 155 of the Complaint.

156. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 156 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 156 of the Complaint.

157. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 157 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 157 of the Complaint.

158. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 158 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 158 of the Complaint.

159. Defendant specifically denies that it has infringed any of the Asserted Patents. To the extent the allegations of Paragraph 159 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 159 of the Complaint.

160. Defendant denies the allegations in Paragraph 160 of the Complaint.

161. Defendant admits that Mr. Sanford Russell was employed by NVIDIA in 2007. Defendant denies that Mr. Russell was, at any point in time, the CTO of NVIDIA. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged communications between NVIDIA employees and Neurala made in 2007 and on that basis denies them. Defendant admits that it became aware of the '461

25

Patent since at least the filing of this Complaint. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 161 of the Complaint.

162. Defendant admits that, in or around 2016, Defendant had discussions with Neurala, Inc. and that at least Mr. Alvin Lin and/or Mr. Jeff Herbst from Defendant were involved. Defendant also admits that, in 2016, Defendant had discussions with at least one of the inventors regarding potential investments in Neurala, Inc. Defendant denies the remaining allegations in Paragraph 162 of the Complaint.

163. Defendant admits that it hosted its GPU Technology Conference in May of 2017. To the extent the allegations of Paragraph 161 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 163 of the Complaint.

164. Defendant denies the allegations in Paragraph 164 of the Complaint.

165. Defendant denies the allegations in Paragraph 165 of the Complaint.

166. Defendant denies the allegations in Paragraph 166 of the Complaint.

167. Defendant denies the allegations in Paragraph 167 of the Complaint.

168. Defendant denies the allegations in Paragraph 168 of the Complaint.

169. Defendant denies the allegations in Paragraph 169 of the Complaint.

170. Defendant denies the allegations in Paragraph 170 of the Complaint.

171. Defendant admits that it sells and has sold its products and provides certain technical support to its customers for those products. To the extent the allegations of Paragraph 171 purport to quote from or characterize the contents of websites, those websites speak for themselves. Defendant denies the remaining allegations in Paragraph 171 of the Complaint.

172. Defendant denies the allegations in Paragraph 172 of the Complaint.

173.   Defendant denies the allegations in Paragraph 173 of the Complaint.

174.   Defendant denies the allegations in Paragraph 174 of the Complaint.

175.   Defendant denies the allegations in Paragraph 175 of the Complaint.

176.   Defendant denies the allegations in Paragraph 176 of the Complaint.

177.   Defendant denies the allegations in Paragraph 177 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies any factual assertions contained in Plaintiff's Prayer for Relief. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A-G of the Complaint.

## DEMAND FOR JURY TRIAL

A response is not required to Plaintiff's demand for a jury trial.

## DEFENSES

Defendant repeats and re-alleges the allegations of the preceding Paragraphs as if fully set forth herein. Defendant asserts the following defenses to Plaintiff's Complaint, without admitting or acknowledging that Defendant bears the burden of proof as to any of them or that any must be pleaded as defenses. Defendant specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST DEFENSE
#### (Non-Infringement)

Defendant has not and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of any Asserted Patent, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.  Additionally, with respect to Plaintiff's allegations of indirect, joint, and willful infringement, Defendant lacks the requisite *mens rea*.

27

**SECOND DEFENSE**
**(Invalidity & Ineligibility)**

The Asserted Claims are invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112. Defendant incorporates by reference its forthcoming invalidity contentions and all amendments thereto.

**THIRD DEFENSE**
**(No Willfulness, Enhanced Damages, or Attorneys' Fees)**

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiff has failed to show, and cannot show, that any infringement has been willful and/or knowing. Plaintiff is not entitled to an award of attorney's fees under 35 U.S.C. § 285, at least because Plaintiff has failed to show, and cannot show, that this case is "exceptional" in Plaintiff's favor as would be required by the statute.

**FOURTH DEFENSE**
**(Statutory Limitation on Damages)**

Plaintiff's claims for relief are statutorily limited in whole or in part by 35 U.S.C. §§ 286 and/or 287. In addition, to the extent Plaintiff seeks damages for allegedly infringing acts committed more than six years prior to the filing of the Complaint in this action, it is barred from recovery of such damages.

Additionally, to the extent Plaintiff or any licensee of the Asserted Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise failed to give proper notice that Defendant's actions allegedly infringed any Asserted Claim, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice of infringement.

**FIFTH DEFENSE**
**(License, Exhaustion, Waiver, and Estoppel)**

Plaintiff's claims are barred, in whole or in part, by license, exhaustion, and/or the

28

doctrines of waiver and/or equitable estoppel.

**SIXTH DEFENSE**
**(Inexcusable Delay)**

Plaintiff is barred from enforcing the Asserted Patents due to inexcusable delay in reviving the '867 patent after it was abandoned.

**SEVENTH DEFENSE**
**(Intervening Rights)**

Plaintiff's claims are barred by the doctrine of absolute intervening rights and the doctrine of equitable intervening rights with respect to any Accused Product or technology that predates the date of the revival of the '867 patent and/or the date of the reissue of the '461 and '438 patents.  35 U.S.C. § 252.

**EIGHTH DEFENSE**
**(Improper Reissue)**

The claims of the '438 and '461 patents are invalid pursuant to 35 U.S.C. § 251 because they enlarge the scope of the claims of the original patent and/or because they improperly recapture subject matter that the patentee intentionally surrendered to obtain a valid patent.

**NINTH DEFENSE**
**(28 U.S.C. § 1498)**

On information and belief, Plaintiff's claims against NVIDIA for patent infringement are barred, in whole or in part, by 28 U.S.C. § 1498.

**TENTH DEFENSE**
**(Ensnarement)**

Plaintiff is barred by the doctrine of ensnarement from contending that any Asserted Claim covers any product, service, or method practiced, manufactured, used, sold, or offered for sale by Defendant in any manner that would ensnare the prior art.

29

**ELEVENTH DEFENSE**
**(Territoriality)**

Plaintiff is not entitled to damages arising from any purported indirect infringement by Defendant that is premised on direct infringement by end-users occurring outside of the United States under 35 U.S.C. § 271.

**TWELVTH DEFENSE**
**(No Standing)**

Plaintiff's claims are barred because Plaintiff lacks standing to bring this suit. Specifically, Plaintiff cannot prove that it is the rightful owner of the Asserted Patents.

**THIRTEENTH DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief may be granted.

**FOURTEENTH DEFENSE**
**(Inconvenient Venue)**

For the convenience of parties and witnesses, venue for this action is not convenient in this district and would be more appropriate in another district.  28 U.S.C. § 1404.

**FIVETEENTH DEFENSE**
**(Reservation of Defenses)**

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, as well as any other defenses at law or in equity that may exist now or that may be available in the future.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, Defendant respectfully requests judgment in its favor with the following relief:

a)      The Complaint be dismissed with prejudice.

30

b) Judgment that Defendant has not infringed and is not infringing, either directly or indirectly, any of the claims the '867 Patent, the '461 Patent, and the' 438 Patent, in violation of 35 U.S.C. § 271.

c) Judgment that the claims of the '867 Patent, the '461 Patent, and the' 438 Patent are invalid.

d) Judgment and determination that this case is exceptional under 35 U.S.C. § 285 and that Defendant is entitled to its attorneys' fees, costs, and expenses in defending this action.

e) Such other relief, including other monetary and equitable relief, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all issues so triable.

Dated: December 23, 2024

/s/ L. Kieran Kieckhefer

L. Kieran Kieckhefer (*pro hac vice*)
Jaysen S. Chung (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 393-8200
kkieckhefer@gibsondunn.com
jschung@gibsondunn.com

Brian Rosenthal
Ahmed ElDessouki (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave.
New York, NY 10166
(212) 351-4000
brosenthal@gibsondunn.com

31

aeldessouki@gibsondunn.com

Lillian J Mao (*pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
1881 Page Mill Road
Palto Alto, CA 94301-1211
(650) 849-5307
lmao@gibsondunn.com

Barry K. Shelton (Texas State Bar No. 24055029)
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
(512) 263 2165
bshelton@sheltoncoburn.com

*Counsel for Defendant NVIDIA Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system.


/s/ L. Kieran Kieckhefer
L. Kieran Kieckhefer