# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **NEURAL AI LLC,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION 7:24-CV-00221-DC-DTG** |
| | § | |
| **NVIDIA CORPORATION,** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**SCHEDULING ORDER**

| Date | Item |
|---|---|
| **January 14, 2025** (1 week before the parties' proposed scheduling order is due to be filed with the Court) | Plaintiff served preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff was also required to identify the earliest priority date (*i.e.,* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| **January 21, 2025** (7 business days before the initial pre-trial conference) | Deadline to file Rule 26(f) Report and file proposed scheduling order. |
| **January 30, 2025** | Initial Pre-Trial Conference. |
| **April 1, 2025** (10 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| **April 15, 2025** (12 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Parties exchange claim terms for construction. |

1

| **April 29, 2025** (14 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Parties exchange proposed claim constructions. |
|---|---|
| **May 6, 2025** (15 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon in their opening brief with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **May 13, 2025** (16 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **May 20, 2025** (17 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Defendant files Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| **June 10, 2025** (20 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Plaintiff files Responsive claim construction brief. |
| **June 24, 2025** (22 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Defendant files Reply claim construction brief. |
| **July 8, 2025** (24 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Plaintiff files Reply claim construction brief. |
| **July 11, 2025** (3 business days after submission of Plaintiff's Sur-Reply claim construction brief) | Parties submit Joint Claim Construction Statement. |

| **July 15, 2025**[1] (25 weeks after the parties' proposed scheduling order is due to be filed with the Court) | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
|---|---|
| **July 29, 2025** (27 weeks after the parties' proposed scheduling order is due to be filed with the Court) | *Markman* hearing. |
| **July 30, 2025** (1 business day after *Markman* hearing) | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| **September 9, 2025** (5 weeks after *Markman*) | Deadline to add parties. |
| **September 23, 2025** (7 weeks after *Markman*) | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| **November 18, 2025** (15 weeks after *Markman*) | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or claims. (Note: This includes amendments in response to a 12(c) motion). |
| **January 27, 2026** (25 weeks after *Markman*) | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court to arrange a teleconference with the Court to resolve the disputed issues. |
| **March 17, 2026** (32 weeks after *Markman*) | Close of Fact Discovery. |
| **March 24, 2026** (33 weeks after *Markman*) | Opening Expert Reports. |
| **April 21, 2026** (37 weeks after *Markman*) | Rebuttal Expert Reports. |
| **May 12, 2026** (40 weeks after *Markman*) | Close of Expert Discovery. |
| **May 19, 2026** (41 weeks after *Markman*) | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| | |

---

[1] Proposed assuming the *Markman* hearing is held July 29, 2025.

3

| | |
|---|---|
| **May 26, 2026**<br>(42 weeks after *Markman*) | Dispositive motion deadline and *Daubert* motion deadline. |
| **July 7, 2026**<br>(48 weeks after *Markman*) | Serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, discovery and deposition designations). |
| **July 21, 2026**<br>(50 weeks after *Markman*) | Serve objections to pretrial disclosures/rebuttal disclosures. |
| **July 28, 2026**<br>(51 weeks after *Markman*) | Serve objections to rebuttal disclosures and file motions *in limine*. |
| **August 4, 2026**<br>(52 weeks after *Markman*) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| **August 11, 2026**<br>(53 weeks after *Markman*) | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| **July 21, 2026**<br>(8 weeks before trial) | Parties to contact Court to confirm their pre-trial conference and trial dates. |
| **August 20, 2026**<br>(3 business days before Final Pretrial Conference) | File joint notice identifying remaining objections to pretrial disclosures and disputes on motion *in limine*. |
| **August 25, 2026**<br>(55 weeks after *Markman*) | Final Pretrial Conference. |
| **September 15, 2026**<br>(58 weeks after *Markman*) | Jury Selection/Trial. |

EXECUTED THIS _____ DAY OF _____, 2025.


_____
PRESIDING JUDGE

4