1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

NEURAL AI, LLC,

      *Plaintiff,*

    v.

NVIDIA CORPORATION,

      *Defendant.*

Case No. 7:24-cv-00221-ADA-DTG

JURY TRIAL DEMANDED

## ORDER ON DISCOVERY DISPUTE

**Issue: NVIDIA's failure to substantively respond to Venue ROGS 1-5 and RFPs 1-9.**

**Plaintiff's Position:** This Court's 10-week jurisdictional discovery window only works when both parties engage in good faith discovery. Any delay by the defendant results in extreme prejudice, given the short window and the looming opposition brief deadline. With nearly half of the discovery period gone, NVIDIA refuses to meaningfully participate in discovery at all.

Plaintiff propounded ROGs and RFPs narrowly tailored to the venue convenience factors. Defendant did not produce any documents on the date of its responses and did not substantively respond to any ROGs.

Following a meet-and-confer, Defendant sent an email committing to produce multiple categories of responsive venue-related documents as part of an April 1 production. That production contained *no such documents*. To date, more than two weeks after its discovery responses were due, NVIDIA has produced ZERO documents. Instead, NVIDIA produced documents related to its invalidity contentions, as required by the OGP.

Despite several requests from Neural AI, Defendant has failed to provide a date when it will produce venue related documents; when it will substantively respond to Neural AI's ROGs; and what information it will actually provide.

Plaintiff submits the following exhibits:

Exhibit 1 – Chart showing Defendant's **entire** substantive ROG responses on one page.

Exhibit 2 – ROG responses

Exhibit 3 – RFP responses

Exhibit 4 – Court's Order in *Mullen v. Apple*

Exhibit 5-NVIDIA email committing to produce venue-related documents on April 1.

This Court has made its expectations with respect to venue discovery clear on multiple occasions, including in its September 30, 2022 Order in *Mullen v. Apple*, 2022 WL 4747627, attached as Exhibit 4. Each of Plaintiff's requests is narrowly tailored to the venue convenience factors. With respect to Defendant's burden objections, this Court has stated that "[a] defendant's argument that venue discovery is disproportionately burdensome carries little weight when the discovery burden originated from the defendant's motion." Plaintiff has repeatedly asked for good-faith responses to its narrowly tailored discovery requests.  Defendant failed to provide them in its initial responses, after the parties met and conferred, or even in Defendant's promised April 1 production.

In short, with only a few weeks remaining for depositions, Plaintiff has received no documents and no substantive rog responses. Nvidia cannot be allowed to run out the clock and stifle plaintiffs' ability to discover the true scope Nvidia's activities in this District.

**Requested Relief:** Overrule NVIDIA's objections to Venue Interrogatory Nos. 1-5 and Request for Production Nos. 1-9; order NVIDIA to fully respond to all of those requests within two business days (including by producing all requested documents); require NVIDIA to make its counsel available for meet-and-confers within two business days during the jurisdictional discovery period.

**Defendant's Position:**

NVIDIA is cooperating with discovery, has produced responsive documents, and continues to do so. Such documents include details of NVIDIA's offices and data centers in Texas, information regarding NVIDIA employees in Texas, materials from the co-pending *Xockets* WDTX case, Texas tax and SOS documents, and information regarding NVIDIA subsidiaries.

Plaintiff's requests are overbroad—seeking swaths of irrelevant information. NVIDIA tried to work with Plaintiff to narrow the requests to relevant information to no avail. Below, NVIDIA identifies what it has produced (or will produce), and explains why the remaining information is not relevant:

- **RFP Nos. 1-2**: Seek *all* public and sealed court filings, discovery, and transcripts related to *all patent cases* involving NVIDIA filed in the State of Texas *within the last 15 years*, including cases outside this District. NVIDIA produced documents related to venue discovery in *Xockets*.

- **RFP Nos. 3-4, 6**: Seek information related to NVIDIA's "corporate structure and organization" and "employees and contractors (past and present)" in Texas, *from 2018 to the present*, even though venue is assessed at the time of Complaint filing. NVIDIA produced information regarding its subsidiaries and business registrations in Texas, and will produce (1) detailed information regarding employees identified by NVIDIA and Plaintiff (2) and headcount information of employees in Texas more broadly—all as of the

date of the Complaint.  The Court has approved NVIDIA's approach in other cases. *See*

*Proxense LLC v. Google LLC,* No. 6:23-cv-320-ADA, Dkt. 39 at 1-5, 8 (W.D. Tex. Nov.

2, 2023).

- **RFP No. 5**: Seeks information concerning ***third party contractors*** that may have

  employees in Texas.  NVIDIA produced information relating to its partners with Texas

  addresses.

- **RFP No. 6:** Seeks information regarding each NVIDIA employee who has ***ever*** worked on

  NVIDIA GPUs since 2014 and related software platforms, ***regardless of location***.  Neural

  AI stated that it would clarify this request but has failed to do so, making its inclusion in

  this dispute chart improper.

- **RFP No. 7**: Seeks information concerning the location of documents.  NVIDIA has

  produced the location of its data centers.  NVIDIA's interrogatory response states that its

  electronic documents are accessible in Texas, and NVIDIA's investigations to-date have

  revealed that there are no unique physical documents in Texas.

- **RFP No. 8**: Seeks third-party confidential information regarding NVIDIA's customers and

  resellers in Texas, and the resellers' customers.  The identity of such customers is not

  relevant to convenience.  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir.

  2009) ("sale of an accused product offered nationwide does not give rise to a substantial

  interest in any single venue.").  The Federal Circuit looks to where "the accused products

  were designed and developed." *In re Google*, 2021 WL 4427899, at *6.

- **RFP No. 9**: Seeks overbroad information relating to NVIDIA real estate in Texas. The parties agreed to a narrowed scope of this request and NVIDIA has produced the information.

Plaintiff's Interrogatories are similarly overbroad and raise similar issues.

**Requested Relief:** Deny Plaintiff's request, or alternatively, order that Plaintiff meet and confer in good faith with NVIDIA regarding its venue related discovery requests and to propose appropriate narrowing of its requests.

**Court's Order:**

After reviewing the briefing, the applicable law, and the Parties argument addressed at the discovery hearing held on April 15, 2025, the Court **ORDERS** the following:

NVIDIA is **ORDERED** to supplement its responses to Neural AI's interrogatories as follows:

1. Concerning Interrogatory Number 1, NVIDIA is **ORDERED** to supplement its response to identify what is occurring at its facilities located in the state of Texas, but NVIDIA can generally incorporate by reference its general description provided with the employees in response to its update on Interrogatory Number 2.

2. Concerning Interrogatory Number 2, NVIDIA is **ORDERED** to update the employee list already produced (Bates No. NVIDIA-NAI-1053118) with a general description of what the Texas employees do with regard to the Accused Products; and NVIDIA is **ORDERED** to produce a complete list of every employee in the state of Texas that has had any involvement of any kind with the Accused Products.

3. Concerning Interrogatory Number 3, NVIDIA is **ORDERED** to supplement its response to generally describe what physical documents are kept in WDTX and what physical documents are kept in the NDCA, if any.

4. Concerning Interrogatory Number 4, NVIDIA is **ORDERED** to supplement its response to identify NVIDIA's customers and resellers limited to January 2024 to present.

5. Concerning Interrogatory Number 5, NVIDIA is **ORDERED** to update its response and describe NVIDIA's knowledge concerning third-party involvement with the Accused Products located in the state of Texas.

NVIDIA is **ORDERED** to supplement its RFP responses as follows:

1. Concerning RFP Number 5 and 8, NVIDIA is **ORDERED** to produce the agreements between NVIDIA and any third parties that are related to the Accused Products within the state of Texas.

By April 25, 2025, NVIDIA is **ORDERED** to supplement its Interrogatory and Request for Production Responses consistent with this Order.

Additionally, Neural AI's request to extend venue discovery to May 22, 2025 is **GRANTED**. All other relief requested by Neural AI is **DENIED** without prejudice, or **MOOT** in light of the Court's Order.

**IT IS SO ORDERED** this 6th day of May, 2025.

_____

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE