**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>TESLA, INC.,<br><br>Respondent. | Misc. Case No. __________________<br><br>Principal case pending in Western District of Texas, Civil Action No. 7:24-cv-00221-LS-DTG |

**DECLARATION OF TANNER LAICHE IN SUPPORT OF NEURAL AI'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY TESLA, INC.**

I, Tanner Laiche, declare as follows:

1. I am an attorney duly licensed to practice in the States of California and Washington and am admitted to the Western District of Texas. I am an associate at the law firm of Susman Godfrey LLP, and am a counsel of record for Petitioner Neural AI, LLC ("NAI") in the above-captioned matter. I make this declaration in support of NAI's Motion to Compel Compliance with Subpoena Served on Third-Party Tesla, Inc. ("Tesla"). Unless otherwise stated, I have personal knowledge of the facts set forth herein and could competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of NAI's First Amended Complaint for Patent Infringement filed in the Underlying Action on December 12, 2024.

3. Attached hereto as **Exhibit 2** is a true and correct copy of U.S. Patent No. 8,648,867, entitled "Graphic Processor Based Accelerator System and Method."

4. Attached hereto as **Exhibit 3** is a true and correct copy of Reissue Patent No. RE48,438, entitled "Graphic Processor Based Accelerator System and Method."

5. Attached hereto as **Exhibit 4** is a true and correct copy of Reissue Patent No.

RE49,461, entitled "Graphic Processor Based Accelerator System and Method."

6. Attached hereto as **Exhibit 5** is a true and correct copy of NAI's Subpoenas to Produce Documents and to Testify at a Deposition served on Tesla, Inc., served on June 25, 2026, including the accompanying definitions, instructions, requests for production, and deposition topics.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the Affidavit of Service confirming service of the subpoenas on Tesla's registered agent, CT Corporation System, in Dallas, Texas, on June 25, 2026.

8. Attached hereto as **Exhibit 7** is a true and correct copy of NAI's January 20, 2026 Final Infringement Contentions Cover Page filed in the Underlying Action.

9. Attached hereto as **Exhibit 8** is a true and correct copy of NVIDIA's Amended Answer to NAI's Amended Complaint, filed on November 25, 2025, as docketed at Dkt. 130 in the Underlying Action (public, redacted version).

10. Attached hereto as **Exhibit 9** is a true and correct copy of Non-Party Tesla, Inc.'s Objections and Responses to Plaintiff Neural AI, LLC's Subpoena, dated July 21, 2026.

11. Attached hereto as **Exhibit 10** is a true and correct copy of the meet-and-confer and extension correspondence between counsel for NAI and counsel for Tesla regarding NAI's subpoenas.

12. Attached hereto as **Exhibit 11** is a true and correct copy of NAI's Third-Party Questions provided to Tesla on August 4, 2026.

13. Attached hereto as **Exhibit 12** is a true and correct copy of NAI's Draft Third-Party Declaration provided to Tesla on August 4, 2026.

14. Attached hereto as **Exhibit 13** is a true and correct copy of an NVIDIA Blog post

titled "Tesla Unveils Supercomputer Powered by NVIDIA GPUs," printed from https://blogs.nvidia.com. I obtained this document from NVIDIA's publicly accessible website on August 17, 2026.

15. Attached hereto as **Exhibit 14** is a true and correct copy of a Tom's Hardware article titled "Tesla Brags About In-House Supercomputer, Now With 7,360 A100 GPUs," printed from https://www.tomshardware.com. I obtained this document from Tom's Hardware's publicly accessible website on August 17, 2026.

16. Attached hereto as **Exhibit 15** is a true and correct copy of a TechCrunch article titled "Tesla Dojo: The rise and fall of Elon Musk's AI supercomputer," printed from https://techcrunch.com. I obtained this document from TechCrunch's publicly accessible website on August 17, 2026.

17. Attached hereto as **Exhibit 16** is a true and correct copy of a Popular Science article titled "What we know about Tesla's supercomputer," printed from https://www.popsci.com. I obtained this document from Popular Science's publicly accessible website on August 17, 2026.

18. Attached hereto as **Exhibit 17** is a true and correct copy of the Tesla Careers webpage, printed from https://www.tesla.com/careers. I obtained this document from Tesla's publicly accessible website on August 17, 2026.

19. Attached hereto as **Exhibit 18** is a true and correct copy of an article titled "Tesla employs 20,000 in Austin, could triple amid Cybertruck ramp-up." I obtained this document from a publicly accessible website on August 17, 2026.

20. Attached hereto as **Exhibit 19** is a true and correct copy of the Giga Texas webpage from Tesla's website, printed from https://www.tesla.com. I obtained this document from Tesla's publicly accessible website on August 17, 2026.

21. Attached hereto as **Exhibit 20** is a true and correct copy of the Declaration of Alon Daks, a Senior Staff Software Engineer at Tesla, Inc., executed on August 10, 2026, regarding Tesla's use of NVIDIA GPUs and software identified in NAI's subpoena.

22. Attached hereto as **Exhibit 21** is a true and correct copy of additional meet-and-confer correspondence between counsel for NAI and counsel for Tesla, dated August 10–11, 2026, regarding Tesla's declaration and the outstanding subpoena issues.

23. The Underlying Action—*Neural AI, LLC v. NVIDIA Corporation*, Case No. 7:24-cv-00221-LS-DTG (W.D. Tex.)—is a patent infringement action in which NAI alleges that NVIDIA, Corp.'s ("NVIDIA") GPU-accelerated computing hardware and software infringe U.S. Patent No. 8,648,867 (the "'867 Patent"), Reissue Patent No. RE48,438 (the "'438 Patent"), and Reissue Patent No. RE49,461 (the "'461 Patent") (collectively, the "Asserted Patents").

24. Throughout discovery in the above-captioned action, NVIDIA has taken the position that NAI must obtain evidence from NVIDIA's customers and end users to prove how the accused products are actually deployed and configured. During a sealed discovery conference on September 8, 2025, NVIDIA's counsel represented to the Court that it only provides tools for end-user companies to build their own AI applications on NVIDIA hardware and that if NAI wanted to learn how the accused software was deployed in real-world systems, NAI would need to seek that information directly from NVIDIA's customers and end users.

25. Throughout discovery NVIDIA has also disclaimed knowledge concerning how its customers, partners, and end users ultimately deploy, configure, and operate NVIDIA hardware and software. NAI accordingly turned to third-party discovery, including subpoenas to Tesla, to obtain the evidence NVIDIA contends NAI must have.

26. On August 10, 2026, Tesla provided a declaration from Alon Daks, a Senior Staff

Software Engineer (Exhibit 20). However, as set forth in Exhibit 21, the declaration is materially insufficient because it addresses only GPU identification and partial software identification while omitting entirely the substantive technical topics set forth in NAI's draft declaration (draft paragraphs 7–15), including unmodified use of NVIDIA software, hardware/software functioning as designed by NVIDIA, use of NVIDIA-distributed pretrained models, CPU/GPU memory architecture, and the standard data flow.

27. As of the date of this declaration, Tesla has not: (a) identified any specific document requests to which it will respond; (b) agreed to produce any responsive documents; (c) fully answered NAI's technical questions; (d) designated a witness for deposition; or (e) committed to any date by which it will do any of the foregoing.

28. Document discovery in the Underlying Action closed on August 11, 2026. Defendant NVIDIA, Corp. in the underlying action stipulated to extend the deadline for third-party motions to compel to August 18, 2026. Deposition discovery closes on September 16, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 17, 2026, in Seattle, Washington.

Tanner Laiche