**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **NEURAL AI, LLC,** | § | |
| ***Plaintiff,*** | § | |
| ***v.*** | § | **CASE NO. 7:24-CV-00221-LS-DTG** |
| **NVIDIA CORPORATION,** | § | **PUBLIC VERSION** |
| ***Defendant,*** | § | |

**AMENDED ORDER ON AUG. 19 & 21, 2026 AND DISCOVERY DISPUTE CHARTS**

On August 19, 2026, the parties submitted two discovery dispute charts. One chart asked the Court to compel production of documents from a third party, Neurala, who previously owned the asserted patents. The other chart asked the Court to compel a more complete interrogatory answer from the plaintiff and to compel the plaintiff to produce communications between the third party, Neurala, and another third party. The Court previously entered an order denying the relief requested in those charts as untimely. By email to the Court, the defendant requested reconsideration of that order because the parties, unbeknownst to the Court, had agreed to extend the deadline.

The two charts submitted on August 19, 2026, generally involve discovery directed at the plaintiff's marking allegations. One chart requests source code from a third party, Nuerala, based in part on the plaintiff's claim that the source code alone does not practice the patent and does not trigger a marking requirement. The other chart seeks an updated interrogatory response related to marking and production of eight emails between the plaintiff and a third-party.

On August 21, 2026, the parties submitted another discovery dispute chart directed at third party, Pelion, on whom the defendant served a subpoena. That subpoena generally requests

information about valuations the third party placed on the patents or the prior patent owner, Neurala, for investment purposes. The third party, Pelion, requests that the Court quash the subpoena as untimely and as seeking overbroad irrelevant information.

As noted above, the Court previously denied the relief requested in the first two charts as untimely. Dkt. No. 190. While the parties apparently agreed among themselves to extend dispute deadlines, such agreements are not binding on the Court and do not supersede a court order, as noted by the Court's prior order, Local Rule CV-16(e) and the Third Amended Scheduling Order justify denial of the requests. The Court, however, will give the parties some grace—just this once—and withdraws its denial of the requested relief as untimely.

After reviewing all three charts and the exhibits submitted with each, the defendant's requested relief is **DENIED**. The Court finds that the plaintiff's answer to the marking interrogatory is sufficient, and that the eight emails are covered by the work-product protection. The Court further finds that the information from the third parties—Nuerala and Pelion—are not relevant and the production is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The plaintiff's interrogatory response makes clear its position that the software alone does not practice the patent and does not trigger a marking requirement. Nothing about the source code would make that statement any more or less probable. Fed. R. Evid. 401. The defendant's concern that the plaintiff will attempt to rely on source code that it failed to produce in discovery is premature and can be addressed if the plaintiff makes such an attempt. Finally, the valuations a potential investor placed on a prior patent owner are highly speculative, irrelevant, and not proportional to the needs of this case.

For those reasons, the relief requested by the defendant in its two charts of August 19, 2026, and its chart of August 21, 2026, are **DENIED**.

**SIGNED** this 27th day of August, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE