**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEURAL AI, LLC<br>Plaintiff,<br>v.<br>NVIDIA CORPORATION<br>Defendant. | Case No. 7:24-cv-00221-LS-DTG<br>**JURY TRIAL DEMANDED** |

**NEURAL AI, LLC'S EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF NON-PARTY COGNEX, CORP.**

Plaintiff Neural AI, LLC ("Neural AI") respectfully moves under Federal Rules of Civil Procedure 26(c) and 30(b)(1) for an emergency protective order preventing Defendant NVIDIA Corporation ("NVIDIA") from proceeding with the deposition of nonparty Cognex Corporation ("Cognex") on September 16, 2026.

NVIDIA did not provide reasonable notice. NVIDIA previously served a deposition subpoena calling for a deposition on September 8, 2026. Exh. A. That date passed without a deposition and without any notice that NVIDIA intended to reschedule it. Then at 11:21 p.m. Central Time on Friday, September 11, NVIDIA informed Neural AI for the first time that the deposition would proceed at 3:00 p.m. Eastern Time on Wednesday, September 16. That gave Neural AI only two business days and four calendar days of notice. Neural AI's counsel are already committed to three depositions on September 16, with multiple additional depositions scheduled during the same week.

The deposition also should not proceed at all because it overwhelmingly concerns discovery the Court has already found irrelevant and disproportionate. *See* Exh. A at 12–14. Cognex is a third party that once discussed a *potential* acquisition of Neurala, Inc. ("Neurala"), the prior owner of the asserted patents. But Cognex and Neurala never consummated any transaction. NVIDIA has already sought discovery concerning valuations placed on Neurala, and th Court rejected that discovery, holding that "valuations a potential investor placed on a prior patent owner are highly speculative, irrelevant, and not proportional to the needs of the case." Dkt. 193. NVIDIA should not be permitted to obtain through testimony the same valuation discovery the Court has already foreclosed. The Court's ruling turns on the subject matter of the discovery, not the form in which NVIDIA seeks it.

Emergency relief is necessary because the deposition is set for September 16. Neural AI therefore asks the Court to order that the deposition not proceed on that date and, because the only possible subject matter is irrelevant and disproportional under the Court's prior ruling, to preclude the deposition altogether.

## Factual Background

Cognex is not a party to this action. At one point, Cognex and Neurala discussed a possible acquisition. Neurala was at the time the owner of the patents later acquired by Neural AI. The discussions between Cognex and Neurala did not result in an acquisition or any other consummated deal.

While NVIDIA served Cognex with a deposition subpoena, NVIDIA did not confirm to Neural AI that the deposition would actually occur, or identify a firm date and time. The subpoena called for a deposition on September 8, 2026 (Exh. A) but that date passed without a word from NVIDIA. Then late Friday night, September 11, 2026 at 11:21 p.m. Central Time, NVIDIA's counsel emailed that "[a] remote deposition of Cognex is confirmed to begin the afternoon of September 16 at 3pm ET" and stated that additional details would follow. Exh. B.

The September 16th deposition date leaves only Monday and Tuesday as full business days before the deposition. It also conflicts with three depositions already scheduled for September 16, 2026 in this case. Neural AI's counsel are managing multiple other depositions during the same week. NVIDIA did not obtain agreement to the September 16 date before announcing it.

## Legal Standard

Rule 30(b)(1) requires "reasonable written notice" of an oral deposition. Fed. R. Civ. P. 30(b)(1). Reasonableness depends on the circumstances, including counsel's availability and the asserted reason for compressed notice. *Sanchez v. England*, No. EP-17-CV-354-KC, 2018 WL

7350677, at *1–2 (W.D. Tex. Sept. 27, 2018). Relatedly, Rule 32(a)(5)(A) provides that a deposition may not be used against a party who, having received less than 14 days' notice, promptly moved for a protective order requesting that the deposition not be taken. Rule 26(c), in turn, authorizes the Court, for good cause, to forbid discovery or prescribe the time and terms on which it may occur to protect a party or person from undue burden or expense. Fed. R. Civ. P. 26(c)(1)(A), (B). This Court has previously granted a protective order where the opposing party had two business days to prepare. *Davis v. Amazon.com Services LLC*, 2022 WL 18034363, at *1 (W.D. Tex. Jan. 17, 2022) ("The notices' timing left approximately two business days (Friday and Tuesday) for preparation. This unavailability and short notice render Amazon's notices unreasonable.").

In terms of merits defects, courts assess the propriety of a subpoena based on "the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "A party does have standing to move for a protective order pursuant to Rule 26(c)(1) to challenge the scope of a subpoena even if the party does not have standing to move to quash the subpoena pursuant to Rule 45(d)" *Deitz v. Performance Food Group, Inc.*, No. 620CV00153ADAJCM, 2021 WL 2715974, at *1 (W.D. Tex. Apr. 21, 2021); *Clark v. Schlumberger Tech. Corp.*, 2019 WL 13253888, at *2 (W.D. Tex. Sept. 18, 2019) ("However, Plaintiff does have standing pursuant to Rule 26(c)(1) to seek a limitation or modification of the scope of the subpoenas."); *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 501 (E.D. La. 2023) ("Although a party does not have standing under Rule 45 to raise certain challenges, a party does have standing to challenge relevance under Rule 26(c).").

## Argument

**I. The Court Should Prevent the Deposition Because NVIDIA Provided Unreasonable Notice.**

NVIDIA's notice is materially shorter than notice WDTX courts require.

In *Davis*, the defendant noticed depositions on the Friday before a Monday federal holiday for the following Wednesday. This Court held that approximately two business days for preparation rendered the notices unreasonable and granted a protective order preventing the depositions from proceeding on the noticed date. 2022 WL 18034363, at *1–2.

The same conclusion follows here. The deposition subpoena's compliance date passed on September 8, 2026 without a deposition taking place. NVIDIA then announced on 11:21 p.m. on Friday, September 11 that a deposition would occur for Wednesday, September 16. The late-night Friday email provided only two intervening business days. Neural AI's counsel are unavailable because they are already committed to three depositions on September 16 and are handling other depositions that week as well. As in *Davis*, both the extreme compression and counsel's existing commitments make the two business days' notice completely unreasonable.

*Sanchez* also supports relief. There, this Court granted a motion for protective order where a deposition was noticed near the end of a Friday for the following Thursday, providing just under four business days. 2018 WL 7350677, at *1–2. NVIDIA's notice here is even shorter. NVIDIA provided no agreed date before its Friday-night announcement.

The prejudice is concrete. Proceeding would force Neural AI either to divert counsel from three previously scheduled depositions, attempt to cover four depositions in one day, or forego meaningful participation in the examination of a third party concerning the former patent owner. Under Rule 30(b)(1) NVIDIA cannot create that dilemma through a unilateral, eleventh-hour setting.

## II. Even With Leave, the Cognex Deposition Should Be Precluded as Irrelevant and Disproportionate to the Needs of the Case.

Cognex's only connection to this case is through its assessments of Neurala and offer to acquire Neurala, issues the Court has already deemed irrelevant. NVIDIA claims it has dropped all topics expressly asking about those issues and therefore any remaining topics that do not directly refer to those issues are fair game. Exh. A at 12–14 (Topics 3, 4, 6, 8). But that completely ignores reality. Cognex's only interaction with Neurala was through its exploration of a Neurala acquisition. Therefore, even innocuous topics—such as "Communications with Neurala"—can only relate to the potential acquisition of Neurala (that never occurred). The same is true of the other three topics NVIDIA seeks:

> **<u>TOPIC NO. 4:</u>** Your knowledge of and relationship with Neurala, the Named Inventors, and/or Neural AI.
> **<u>TOPIC NO. 6:</u>** Your knowledge of Neurala as a competitor, including competitive intelligence, market reports, and Cognex's assessment of Neurala's market share, adoption, or competitive impact.
> **<u>TOPIC NO. 8:</u>** Any characterization or evaluation of the quality, novelty, effectiveness, reliability, or commercial viability of Neurala's technology.

*Id.*

A court can issue a protective order when the discovery sought is unreasonable or oppressive. *Wiwa.*, 392 F.3d at 818. Whether discovery is unreasonable or oppressive "must be determined according to the facts of the case," including the requesting party's need for the discovery and the nature and importance of the litigation. *Id.*

Courts routinely hold that negotiations over an unconsummated license to the patents-in-suit are not discoverable. *Trs. of Purdue Univ. v. STMicroelectronics, Inc.*, 2023 WL 11917023, at *3 (W.D. Tex. Jan. 18, 2023) ("[T]his Court routinely has found that the production of documents (and communications relating to) unconsummated licensing negotiations are not discoverable."); *Cloud Byte LLC v. Dell Inc.*, 2025 WL 950394, at *2 (E.D. Tex. Mar. 28, 2025)

("[A]n unconsummated license … is not discoverable."). That rule applies with greater force here. An unconsummated license negotiation at least concerns a proposed transaction involving the asserted patents themselves. Cognex's proposed acquisition was a potential corporate transaction involving Neurala as a whole, of which the asserted patents were only one set of assets—and the acquisition never occurred. If negotiations over a proposed license directly involving the patents-in-suit are too speculative to warrant discovery, Cognex's assessments made in connection with a never-consummated acquisition of their former owner are further removed still.

More importantly, the Court has already addressed essentially the same issue that NVIDIA seeks to pursue from Cognex. In Dkt. 193 at 2, the Court ruled that "valuations a potential investor placed on a prior patent owner are highly speculative, irrelevant, and not proportional to the needs of the case." Cognex was, at most, a potential acquirer or investor. Cognex's unconsummated discussions, internal evaluations, and offers fall squarely within that ruling. NVIDIA is seeking discovery into subject matter the Court has already resolved. While NVIDIA now seeks this information from a different third-party, the result should be the same. If potential-investor valuations and offers are irrelevant and disproportionate, they do not become relevant merely because NVIDIA seeks oral testimony from the potential acquiror rather than documents.

Rule 26(c) permits the Court to forbid discovery from a third-party where the burden and expense are not justified by the limited relevance. *Deitz v. Performance Food Group, Inc.*, No. 620CV00153ADAJCM, 2021 WL 2715974, at *3 (W.D. Tex. Apr. 21, 2021) ("Accordingly, the Court ORDERS Def.'s Mot to Quash Temple PD DWQ GRANTED IN PART under Rule 26(c)"). Cognex's complete irrelevance favors granting a protective order. NVIDIA's need is slight because Cognex never acquired Neurala, never purchased the asserted patents, and never entered any completed transaction involving them. Cognex can therefore offer no relevant information.

And even if Cognex had any relevant information, it would fall into the category of information the Court has already determined was not proportional to the needs of the case. NAI should not have to incur the burden of preparing for and taking a deposition of a third party who is completely irrelevant based on the Court's prior rulings. The Court enter a protective order preventing the deposition from going forward.

**III. Immediate relief is necessary to preserve the status quo.**

The deposition is scheduled for September 16, only two days after this motion is filed. Absent immediate relief, the deposition will occur before ordinary briefing can be completed, effectively mooting Neural AI's request for protection. Neural AI therefore asks the Court to act before September 16 by preventing the deposition from going forward.

**Conclusion**

For these reasons, Neural AI respectfully requests that the Court enter a protective order: (1) preventing the Cognex deposition set for September 16, 2026 from going forward; (2) precluding NVIDIA from taking the Cognex deposition because the only potential subject matter is irrelevant and disproportionate under Rule 26 and Dkt. 193.

Date: September 14, 2026.

Respectfully submitted,

/s/ *Rocco Magni*
Max L. Tribble
Texas State Bar 20213950
Brian D. Melton
Texas State Bar 24010620
Rocco Magni
Texas State Bar 24092745
Chanler A. Langham
Texas Bar No. 24053314
Samuel Drezdzon

Texas State Bar 24117374
SUSMAN GODFREY L.L.P.
1000 Louisiana
Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
bmelton@susmangodfrey.com
rmagni@susmangodfrey.com
clangham@susmangodfrey.com
sdrezdzon@susmangodfrey.com

Tamar Lusztig
NY State Bar 5125174
Emily Portuguese
NY State Bar 5920327
One Manhattan West, 50th Floor
New York, NY 10001
tlusztig@susmangodfrey.com
eportuguese@susmangodfrey.com

Tanner Laiche
WA State Bar 60450
401 Union Street, Suite 3000
Seattle, WA 98101
tlaiche@susmangodfrey.com

Mark D. Siegmund
Texas State Bar No. 24117055
CHERRY JOHNSON SIEGMUND JAMES PC
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
msiegmund@cjsjlaw.com

Max Ciccarelli
Texas State Bar No. 00787242
CICCARELLI LAW FIRM LLC
100 N. 6th Street, Suite 502
Waco, Texas 76701
Max@CiccarelliLawFirm.com

*Attorneys for Plaintiff Neural AI, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 14, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via ECF.

*/s/ Rocco Magni*
Rocco Magni

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for Plaintiff conferred with counsel for Defendant on 9/14/26 regarding the relief requested herein and that Defendants are opposed to the relief sought.

*/s/ Rocco Magni*
Rocco Magni