# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| NEURAL AI, LLC,<br>Plaintiff,<br>v.<br>NVIDIA CORPORATION,<br>Defendant. | Civil Action No. 7:24-cv-00221-LS-DTG<br><br>**JURY TRIAL DEMANDED** |

**<u>NOTICE OF SUBPOENA</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant NVIDIA Corporation, by and through its undersigned counsel, gives notice that a subpoena to provide testimony is being served on Cognex Corporation. A copy of the Protective Order in this action for the protection of any requested proprietary, confidential, or commercially sensitive information is attached as Exhibit 2.

Dated: July 27, 2026 By */s/ Ben Luehrs*

Brian A. Rosenthal (*pro hac vice*)
Paul E. Torchia (*pro hac vice*)
Ahmed ElDessouki (*pro hac vice*)
Gillian Moore (*pro hac vice)*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
brosenthal@gibsondunn.com
ptorchia@gibsondunn.com
aeldessouki@gibsondunn.com
gmoore@gibsondunn.com

Brian M. Buroker (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, NW
Washington, DC 20036-4504
(202) 955-8541
bburoker@gibsondunn.com

Nathan R. Curtis (*pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX 75201-2923
(214) 698-3423
ncurtis@gibsondunn.com

Barry K. Shelton
(TX State Bar No. 24055029)
Bradley D. Coburn
(TX State Bar No. 24036377)
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734-4775
(512) 263-2165
bshelton@sheltoncoburn.com
coburn@sheltoncoburn.com

Benjamin N. Luehrs (SBN:440317)
Tamir Packin (*pro hac vice*)
Steven M. Balcof (*pro hac vice*)
Joze Welsh (*pro hac vice*)
Jordan Owens (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
(212) 351-3400
bluehrs@desmaraisllp.com
tpackin@desmaraisllp.com
sbalcof@desmaraisllp.com
jwelsh@desmaraisllp.com
jowens@desmaraisllp.com

Brooke A. Miller (*pro hac vice*)
**DESMARAIS LLP**
1899 Pennsylvania Avenue NW
Washington, DC 20006
(202) 451-4900
bmiller@desmaraisllp.com

***Counsel for Defendant NVIDIA Corporation***

**CERTIFICATE OF SERVICE**

I, hereby certify that on July 27, 2026, I caused a true and correct copy of the foregoing document to be served on counsel of record electronically.

*/s/ Ben Luehrs*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

NEURAL AI, LLC
*Plaintiff*
v.
NVIDIA CORPORATION
*Defendant*

Civil Action No. 7:24-cv-00221-LS

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Cognex Corporation, One Vision Drive, Natick, MA 01760
c/o CT Corp. System, 155 Federal Street, Suite 700, Boston, MA 02110
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: WilmerHale<br>60 State Street<br>Boston, MA 02109 | Date and Time:<br>09/08/2026 9:00 am |
|---|---|

The deposition will be recorded by this method: audio, video and stenographic means

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/27/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Benjamin N. Luehrs
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant NVIDIA Corporation, who issues or requests this subpoena, are:
Benjamin N. Luehrs; Desmarais LLP 230 Park Avenue, New York, NY 10169; bluehrs@desmaraisllp.com; 212-351-3400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 7:24-cv-00221-LS

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

You are required to provide one or more individuals who are knowledgeable and competent to provide testimony about the following Topics.

**INSTRUCTIONS**

A. You are to provide full and complete responses to the following topics, after conducting a diligent and thorough investigation into all information within your possession, custody, or control, including the documents located in the files of any and all past and present parents, subsidiaries, divisions, affiliates, predecessors, assigns, successors, and any of Your present or former officers, directors, trustees, employees, agents, representatives, attorneys, and all other persons acting on Your behalf.

B. If You cannot provide a full and complete response to any Topic, You should respond to the Topic to the extent possible, specifying the portion of the Topic You are unable to answer and providing any information You have regarding the unanswered portion.

C. In accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure, You are under a duty to supplement all responses to these Topics to include information acquired after service of the response, even if such responses were correct or complete when first provided.

D. In the event that You object to any Topic on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that Topic as narrowed to the least extent necessary, in Your judgment, to render it not overbroad and/or unduly burdensome and state specifically the extent to which You have narrowed that Topic for purposes of Your response.

E. In the event that You object to any Topic on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that You claim make the Topic vague

and/or ambiguous and specify the meaning actually attributed to You by such words for purposes of Your responses thereto.

## DEFINITIONS

As used in these Topics, the following terms have the meanings indicated below:

1. **"Cognex" or "You" or "Your"** refers to Cognex Corporation, including without limitation all of its corporate locations, divisions, all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, partners, agents, principals, executives, associates, staff members, representatives, employees, trustees, consultants, and attorneys, and all entities acting in joint venture, affiliate, business, or partnership relationships.

2. **"Neural AI"** or **"Plaintiff"** means Neural AI, LLC, including without limitation all of its corporate locations, divisions, all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, partners, agents, principals, executives, associates, staff members, representatives, employees, trustees, consultants, and attorneys, and all entities acting in joint venture, affiliate, business, or partnership relationships with Neural AI, LLC, those exercising actual or apparent authority over Neural AI, LLC, and others acting or purporting to act on behalf of Neural AI, LLC.

3. **"Neurala"** means Neurala, Inc., including without limitation all of its corporate locations, divisions, all predecessors (including Neurala LLC), predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, partners, agents, principals, executives, associates, staff members, representatives, employees, trustees, consultants, and attorneys, and all entities acting in joint venture, affiliate, business, or partnership relationships

with Neurala, Inc., those exercising actual or apparent authority over Neurala, Inc., and others acting or purporting to act on behalf of Neurala, Inc.

4. **"Defendant"** or **"NVIDIA"** means Defendant NVIDIA Corporation.

5. **"This Lawsuit"** or **"This Action"** means the above-captioned lawsuit, *Neural AI, LLC v. NVIDIA Corporation*, Civil Action No. 7:24-cv-00221-ADA-DTG, pending in the United States District Court for the Western District of Texas.

6. **"Complaint(s)"** means the complaint filed in the above-captioned action, or any amendments thereto.

7. **"Asserted Patent(s)"** means any of U.S. Patent Nos. 8,648,867 ("the '867 patent"), RE48,438 ("the '438 patent"), and RE49,461 ("the '461 patent").

8. **"Related Patents(s)"** means any and all U.S. or foreign patents based upon on related to any Asserted Patent(s), including any patents or applications that may have been opposed, reexamined, re-issued, or subjected to any validity or nullity proceeding.

9. **"Prior Art"** encompasses, without limitations, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102 and 103, and includes, but is not limited to, memoranda, notes, manuals, interviews, testing data, disclosures, prototypes, correspondence, drawings, papers, articles, patents, printed publications, public uses, demonstrations, offers for sale or license, and sales.

10. **"GPU Gems 2"** refers to the publication "GPU Gems 2: Programming Techniques for High-Performance Graphics and General-Purpose Computation (2005)."

11. **"Named Inventors"** means one or more of Massimiliano "Max" Versace, Heather Marie Ames (or Heather Ames Versace), Anatoli Gorchet (or Anatoli Gorchetchnikov), and Fabrizio Santini.

12. **"Document"** shall include, without limitation, all documents, electronically stored information, and tangible things within the scope of the Federal Rules of Civil Procedure, including Rule 34.

13. **"Communication(s)"** means any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including but not limited to conversations; correspondence; telexes; facsimile transmissions; telecopies; recordings in any medium of oral, written, or typed communications; telephone or message logs; notes or memoranda relating to written or oral communications; and any translation thereof.

14. **"Information"** means information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to orally, in writing, or via electronic communication.

15. **"Thing"** refers to and includes any tangible object other than a document, and includes objects of every kind and nature including, but not limited to, prototypes, models, and specimens.

16. **"Person"** means any natural person, firm, association, partnership, government agency, institution, corporation, proprietorship, or other entity and its officers, directors, partners, employee, representatives, and agents.

17. **"Third Party"** means any person other than Plaintiff or Defendant.

18. **"Concerning," "refer to," "regarding," "reflecting," and "relating to"** shall mean relating to, referring to, mentioning, reflecting, pertaining to, evidencing, involving,

describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

19. The terms **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Topics any Information that might otherwise be construed to be outside of their scope. In no event shall the use of the term "and" or "or" be construed to narrow the scope of any Topic.

20. The terms **"all," "any," "each," and "every"** shall be construed to mean "all, any, each, and every," as necessary to bring within the scope of these Topics any Information that might otherwise be construed to be outside their scope. In no event shall the use of the term "all," "any," "each," or "every" be construed to narrow the scope of any Topic.

21. Any pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case is most appropriate.

22. The singular form of any word shall be construed to also include the plural.

## DEPOSITION TOPICS

### TOPIC NO. 1:

The identity, location, creation, maintenance, authenticity, publication, and/or distribution of the Documents that were produced by You in response to any Request in NVIDIA's Rule 45 subpoena to produce documents.

### TOPIC NO. 2:

The subject matter of the Documents produced by You in response to any Request in NVIDIA's Rule 45 subpoena to produce documents.

**<u>TOPIC NO. 3:</u>**

Communications with Neurala, including but not limited to, Communications with any Named Inventors.

**<u>TOPIC NO. 4:</u>**

Your knowledge of and relationship with Neurala, the Named Inventors, and/or Neural AI.

**<u>TOPIC NO. 5:</u>**

Neurala's products, processes, services, or technologies, including without limitation Vision Inspection Automation (VIA), Vision AI, Brain Builder, Inspector, Lifelong-Deep Neural Network (L-DNN) technology, and/or Synapcard.

**<u>TOPIC NO. 6:</u>**

Your knowledge of Neurala as a competitor, including competitive intelligence, market reports, and Cognex's assessment of Neurala's market share, adoption, or competitive impact.

**<u>TOPIC NO. 7:</u>**

Testing, reports, investigations, or evaluations of any of Neurala's products, processes, services, or technologies.

**<u>TOPIC NO. 8:</u>**

Any characterization or evaluation of the quality, novelty, effectiveness, reliability, or commercial viability of Neurala's technology.

**<u>TOPIC NO. 9:</u>**

Any instances where any customer migrated from Neurala to Cognex and the reason(s) for the migration.

**<u>TOPIC NO. 10:</u>**

Any Prior Art to the Asserted Patents.

**TOPIC NO. 11:**

Your knowledge of GPU Gems 2, the Brook-Merrimac system, the NVIDIA Cg (C for Graphics) Programming Language, SANNDRA (Synchronous Artificial Neuronal Networks Distributed Runtime Algorithm), KInNeSS (KDE Integrated NeuroSimulation Software).

**TOPIC NO. 12:**

Your knowledge concerning any actual or attempted acquisition of or investment in Neurala, including the potential acquisition of Neurala by Cognex and why Neurala was seeking acquisition.

**TOPIC NO. 13:**

Any negotiations, discussions, and/or diligence related to any actual or potential acquisition of or investment in Neurala, including Your potential acquisition of Neurala.

**TOPIC NO. 14:**

Any valuation of Neurala, whether prepared by you or received by another, including any internal analyses or valuations.

**TOPIC NO. 15:**

Any diligence, investigation, valuation, or related analysis regarding Cognex's decision to sign a letter of intent to acquire Neurala.

**TOPIC NO. 16:**

Any diligence, investigation, validity or infringement analysis, valuation analysis, or related analysis conducted by or shared with You regarding any of Neurala's patents.

**TOPIC NO. 17:**

Any reasoning, negotiations, discussions, and/or diligence related to any decision not to pursue the acquisition of Neurala.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| Neural AI, LLC | § | |
| | § | |
| v. | § | Case No. 7:24-CV-00221-ADA-DTG |
| | § | |
| NVIDIA Corporation | § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Neural AI, LLC ("Neural AI") and Defendant NVIDIA Corporation ("NVIDIA"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the

word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings – Patent Cases, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" ("Designated Material"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts,

---

[1] The term Designated Material is used throughout this Protective Order to refer to the class of materials designated as CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE, individually and collectively.

digests, and complete or partial summaries prepared from any Designated Materials shall also be considered Designated Material and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE) may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as Designated Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as Designated Material may request destruction or return of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then elect to either return or destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon. Notwithstanding the foregoing, court filings, pleadings, expert reports, discovery requests and responses, deposition or trial transcripts and/or exhibits, and emails previously derived from or based on Protected Materials shall not be subject to this provision on destruction and/or return.

5. CONFIDENTIAL documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a) Outside counsel of record in this Action the Parties.

(b) Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c) In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d) Up to and including three (3) designated representatives of each of the Parties who are employees of the respective Party to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e) Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert, to provide the producing Party with the opportunity to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f) Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g) The Court and its personnel.

(h) Subject to the process outlined in paragraph 7(a), outside counsel of record for the parties in any proceeding challenging the validity of any of the patents asserted in this Action, the Patent and Trial Appeal Board, in connection with a proceeding challenging the validity of any of the patents asserted in this action, and its

personnel.

6. A Party shall designate documents, information, or material as CONFIDENTIAL only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or persons who are not Parties to this Action ("Third Parties") to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as Designated Material, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose, except that described below in section 7(a). Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Designated Material and subject to all of the terms and conditions of this Order.

(a) The receiving Party may request that specific portions of Designated Material be used in any proceeding challenging the validity of any patents asserted in this Action by providing the producing Party with (1) the specific information, material, or document the receiving Party intends to use and (2) for what purpose it wants to use the document. The producing Party shall consider the request in good faith and not unreasonably deny the request.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

9. For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY is so sensitive that its dissemination deserves even further limitation, a producing Party may designate extremely sensitive documents, information, or material representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of the source code, including but not limited to any code, scripts, assembly, binaries, firmware, object code, source code, source code or object code listings, Hardware Description Language (HDL) or Register Transfer Level (RTL) files, files containing source code in C, C++, Java, assembler, VHDL, Verilog, GDS, foundry process flows, and other similar

programming languages, "make" and "build" files, link files, scripts, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or digital signal processor (DSP), any human-readable programming language text that defines software, firmware, or electronic hardware descriptions, and any net lists, the disclosure of which to another Party or Non-Party would create a substantial risk of economic harm or significant competitive disadvantage to the producing Party, as HIGHLY CONFIDENTIAL - SOURCE CODE. For Protected Material designated HIGHLY CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided, at the producing Party's election, (1) on two secured computers having disk encryption and password protection in a secured room without Internet access or network access to other computers, such that all persons entering the secured room containing the Source Code are subject to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured room; or (2) on two networked computers configured to connect (via a Virtual Private Network or Virtual Network Computing connection) to a source code review environment hosted on a remote server maintained by the producing Party ("Networked Computers"). Both the (1) two secured computers and (2) the two Networked Computers are referenced herein as "Source Code Computers." The Producing Party will connect each Source Code Computer with two displays, external mouse, and external keyboard. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the Source Code Computer. The receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Source Code Computers may be connected to (i) a printer or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11(g)-(h) below. Additionally, except as provided below, the Source Code Computers may only be located at the offices of the producing Party's outside counsel or its vendors. If the producing Party decides to provide Networked Computers, it must make the Networked Computers available at an office location of its outside counsel to be agreed upon by the Parties.

(b) The Source Code Computers will be made available for inspection upon reasonable

notice to the producing Party, which shall not be less than five (5) business days in advance of the initial requested inspection. Following the initial inspection, the receiving Party must give notice at least four (4) business days in advance of additional review for the Full Business Hours Period as defined in paragraph 11(c) and two (2) business days in advance of additional review for the Shortened Business Hours Period as defined in paragraph 11(c). The producing Party must make the Source Code Computers available for inspection upon reasonable notice up until the trial in this Action.

(c) The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computers to normal business hours local time. For requests to access NVIDIA's Source Code Computers, normal business hours includes the Full Business Hours Period, which is from 11:00 a.m. to 7:00 p.m. local time in New York, and the Shortened Business Hours Period, which is from 12:30 p.m. to 7:00 p.m. local time in New York. For requests to access Source Code Computers produced by Neural AI or third parties, normal business hours includes the Full Business Hours Period, which is 9:00 a.m. to 5:00 p.m. local time where the Source Code Computers are located, and the Shortened Business Hours Period, which is 10:00 a.m. to 4:00 p.m. local time where the Source Code Computers are located. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(d) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced Source Code Material on the Source Code Computers.

(e) The Source Code Computers shall contain tools used for viewing and searching the Source Code, including version control tools and Integrated Development Environment (IDE) software development tools. The receiving Party will provide a list of tools requested to be installed on each Source Code Computer, and the producing Party shall not unreasonably deny the request. In addition, the receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing, searching, and logically organizing Source Code be installed on the Source Code Computers, provided, however, that the software does not enable functions other than viewing, searching, and logically organizing Source Code or otherwise compromise security of the Source Code Computers. Upon request by the producing Party, the receiving Party shall provide to the producing Party the additional commercially available software tools and any necessary licenses to such software tools to be used on the Source Code Computers. Such request for software must be provided at least five (5) business days in advance of the date upon which the receiving Party wishes to have the

additional software tools available for use on the computer. The producing Party will produce Source Code Material in a computer-searchable format on the Source Code Computers as described above.

(f) The receiving Party's outside counsel and/or expert shall be entitled to take handwritten notes relating to the Source Code but may not copy any portion of the Source Code into the notes, with the exception of folder paths, filenames, function and/or variable names. The producing Party shall also make available separate stand-alone computer(s) ("Notes Computers"), which persons reviewing the source code can use to take notes. The receiving Party's representative may take handwritten notes or notes via the Notes Computer, but is prohibited from circumventing the limitations of this Protective Order through note-taking (including but not limited to electronic note-taking), e.g., by transcribing code. The producing Party shall not review any notes taken, whether on the Notes Computer or otherwise. The producing Party shall accommodate reasonable requests from the receiving Party to transfer notes to or from the Notes Computer and to provide such notes to the receiving Party. The Notes Computer shall have no features which would hinder the complete clearing of the receiving Party's notes from the Notes Computer after such notes have been downloaded. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Any handwritten notes or other work product, created by the receiving Party reflecting Source Code shall be marked as HIGHLY CONFIDENTIAL - SOURCE CODE. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(g) No person shall copy, print, photograph or otherwise duplicate any portion of the designated HIGHLY CONFIDENTIAL - SOURCE CODE material, except as set forth below and except that the receiving Party may print paper copies of portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, discovery requests and responses, or other papers, or for deposition or trial, but shall not print paper copies for the purpose of reviewing the Source Code in the first instance. There are two methods for printing that may be used at the producing Party's discretion:

i. If the receiving Party would like to have a portion of Source Code printed, the receiving Party shall create a portable document format (PDF) version of the requested Source Code printouts as they will be printed. The PDFs shall include the respective full file path, as produced, of the requested Source Code in either the footer or header of the page. The producing Party will print hard copies of those files to include Bates numbers and the label HIGHLY CONFIDENTIAL - SOURCE CODE on each page.

ii. The producing Party may make available a color laser printer with commercially reasonable printing speeds for on-site color printing during inspections of the Source Code. The producing Party shall provide paper for use in printing Source Code that is premarked on each page to include

Bates numbers and the label HIGHLY CONFIDENTIAL - SOURCE CODE. The producing Party shall keep the originals of the printed Source Code, and color copies shall be made for and mailed to the receiving Party within three business days using overnight delivery in the normal course of discovery, or two business days if requested for use in a deposition.

(h) Except as otherwise provided herein, no more than one thousand five hundred (1500) pages of the total Source Code may be requested in printed form. Additionally, except as otherwise provided herein, the receiving Party shall not request to print out any continuous block of Source Code that results in more than forty (40) consecutive printed pages. If necessary, the receiving Party may request to print a reasonable number of additional pages in excess the one thousand five hundred (1500) pages of total Source Code, or continuous blocks that exceed forty (40) consecutive pages, which the producing Party shall not unreasonably deny.

(i) The producing Party may challenge the receiving Party's request to print additional pages in excess of the one thousand five hundred (1500) pages of total Source Code, or continuous blocks that exceed forty (40) consecutive pages, pursuant to section 11(h), pursuant to the dispute resolution procedure and timeframes set forth in paragraph 13(b) whereby the producing Party is the "challenging" Party and the receiving Party is the "opposing" Party for purposes of dispute resolution. Contested printouts do not need to be produced to the receiving Party until the matter is resolved by the Court.

(j) Access to Source Code Material shall be limited to outside counsel and up to five (5) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. All persons who seek to review a producing Party's Source Code on behalf of a receiving Party shall be identified in writing to the producing Party at least seven (7) business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order.

(k) A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to paragraph 5(e).

(l) To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE. To the extent portions of Source Code are quoted in a court filing, the party quoting the Source Code shall quote only such portions as the party reasonably and in good faith believes should be included to establish its point. Any materials (e.g., pleadings, motion briefing, expert reports, discovery responses, etc.) that refer to, quote or otherwise reference or describe Source Code shall be labeled as HIGHLY CONFIDENTIAL - SOURCE CODE.

(m) Except as set forth below, no copies, digitally imaged or otherwise duplicated, of Source Code Material shall be made without prior written consent of the producing Party, except as necessary (1) to create documents that, pursuant to the Court's rules, procedures, and orders, will be filed or served electronically (including a testifying expert's expert report), (2) for deposition, or (3) otherwise necessary for the preparation of a Party's case. Any paper copies used during a deposition shall be retrieved by the receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(n) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, which shall presumptively be a total of fifteen (15), all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

(o) Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled HIGHLY CONFIDENTIAL - SOURCE CODE and shall continue to be treated as such.

(p) The receiving Party shall maintain all printed portions of the Source Code Material in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Any printed materials designated HIGHLY CONFIDENTIAL - SOURCE CODE shall be stored or viewed only at (i) the offices of outside counsel for the receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s), (iv) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s), or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition (e.g., a hotel prior to a Court proceeding or deposition).

(q) A producing Party's Source Code Material may only be transported by the receiving

Party at the direction of a person authorized under paragraph 11(i) above to another person authorized under paragraph 11(j) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

12. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL - SOURCE CODE (collectively "Highly Sensitive Material"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's Highly Sensitive Material under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Highly Sensitive Material and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit. Nothing in this Order shall prevent a person with access to Highly Sensitive Material from participating in a USPTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

13. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other

privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.

(a) Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

(b) If a Party asserts privilege over documents and the other Party challenges that assertion, the receiving Party must return or sequester the challenged documents until the challenge has been resolved per the following. Any privilege challenge shall be written, shall be served on outside counsel for the opposing Party, shall particularly identify the documents or information that the challenging Party contends should not be privileged, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

i. The challenging Party shall have the burden of conferring either in person, in writing, or by telephone with the opposing Party claiming privilege (as

well as any other interested party) in a good faith effort to resolve the dispute. The opposing Party shall have the burden of justifying the disputed designation;

ii. Failing agreement, the challenging Party may initiate the discovery dispute process outlined in the Court's Order Governing Proceedings – Patent Cases;

iii. Notwithstanding any challenge to an assertion of privilege, the document(s) in question shall continue to be treated as privileged until one of the following occurs: (1) the Party who asserted privilege for the document(s) in question withdraws such designation in writing; or (2) the Court rules that the document(s) in question is/are not entitled to privilege.

14. There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the Designated Material is only disclosed to person(s) who are: (i) eligible to have access to the Designated Material by virtue of his or her employment with the designating Party; (ii) identified in the Designated Material as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material; (iv) a current or former officer, director or employee of the producing Party or a

current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 through 11 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to Designated Material. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

17. Any Designated Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on Designated Material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any Designated Material be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom Designated Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of Third Parties and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be

bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL - SOURCE CODE any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged emails or memoranda of the Parties or any pleadings, court filings, orders, trial transcripts or public exhibits), shall at the receiving Party's election either be returned to the producing Party or be destroyed.

24. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of Designated Material by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of Designated Material.

29. The Parties will comply with U.S. export laws and regulations. In the event any issue arises that implicates U.S. export laws and regulations, the producing Party will apply an appropriate designation and inform the receiving Party of any relevant laws or regulations that may apply to such designated documents. The receiving Party will adhere to any laws or regulations that apply to the designated documents.

**SIGNED** this 8th day of October, 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| Neural AI, LLC | § | |
| | § | |
| v. | § | Case No. 7:24-CV-00221-DC-DTG |
| | § | |
| NVIDIA Corporation | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, ______________________________________________, declare that:

1. My address is ____________________________________________________________.

   My current employer is ____________________________________________________.

   My current occupation is __________________________________________________.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY

CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ________________________________________

Date ______________________________