**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **NEURAL AI, LLC,** | |
| **Plaintiff,** | **Civil Action No. 7:24-cv-00221-ADA-DTG** |
| **v.** | **JURY TRIAL DEMANDED** |
| **NVIDIA CORPORATION,** | |
| **Defendant.** | |

**Neural AI's Motion for Leave to Amend Infringement Contentions With Belatedly Produced *Riva* Source Code**

Plaintiff Neural AI ("Plaintiff") moves this Court for leave to amend its infringement contentions to include non-public ***Riva*** source code that NVIDIA belatedly produced in discovery. No patents, patent claims, or accused products are being added to the case. Nor is Plaintiff changing or adding infringement theories. Rather, Plaintiff seeks to amend its contentions based on material identified after Plaintiff served its prior contentions and after the Court rejected NVIDIA's attempt to block the discovery. As the Court stated in *Cutting Edge Vision LLC v. TCL Tech. Group Corp.*, 2023 WL 4002539, at *2 (W.D. Tex. June 14, 2023), "parties have an *obligation* to supplement their disclosures along the way as the trajectory of the case changes." (Emphasis in original). While the trajectory of the case has not changed, Plaintiff seeks leave to amend its contentions in large part to avoid a later dispute about whether it sufficiently provided notice to NVIDIA regarding the ***Riva*** source code at issue.

Infringement contentions are meant to provide notice, not prove the case, and a plaintiff is not required to cite confidential code as a prerequisite, particularly where the defendant delayed production. *Am. Video v. Elec. Arts*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005); *Seven Networks*

*v. Motorola*, 2022 WL 3448642, at *3 (N.D. Tex. Aug. 16, 2022) (stating infringement contentions ***do not*** require "source code or an explanation of it"). If leave is required, it should be granted under the relevant factors. Plaintiff has been diligent and NVIDIA suffers no prejudice.[1]

**Relevant Background**

Plaintiff served its original complaint on September 16, 2024, and served its amended complaint on December 12, 2024. On January 14, 2025, Plaintiff served its preliminary infringement contentions. X-1. At that point, NVIDIA had not produced any substantive discovery. Indeed, the parties did not submit a Rule 26(f) Discovery Report and Case Management Plan until January 22, 2025. Dkt. 34; Dkt. 35.

On December 16, 2025, the Court issued a First Amended Scheduling Order setting December 30, 2025, as the deadline to serve Final Infringement and Invalidity Contentions. Dkt. 135. On December 29, 2025, the parties submitted a joint stipulation to extend the deadline for final infringement and invalidity contentions to January 13, 2006, and a supplement based on recently produced source code by January 20, 2026. Dkt. 136. On January 20, 2026, the Court granted the extension based on the parties' stipulation. Dkt. 146. Plaintiff's Final Infringement Contentions concerning ***Riva*** appeared in the following exhibits: Ex. 118 – Riva – 438; Ex. 119 – Riva – 461; Ex. 120 – Riva – 867. *See* X-2. Each ***Riva*** infringement contention referenced the limited source code NVIDIA provided at the time.

On March 19, 2026, the Court held a discovery hearing concerning NVIDIA's production of source code and other technical documents. NVIDIA claimed that Plaintiff should rely on publicly available source code for its infringement contentions and sought to bar Plaintiff from

[1] Due to the non-public, confidential, and attorneys' eyes-only nature of the source code and other materials cited in the FICs and amended contentions, Plaintiff does not attach them here.

obtaining non-public source code regarding ***Riva*** and other NVIDIA applications and application frameworks. Plaintiff explained that "[e]ven where portions of the codebase are public, the **relevant** functionality is implemented through **non-public backend code** that NVIDIA withheld." Dkt. 155, at 3 (emphasis in original).

On March 27, 2026, the Court denied NVIDIA's request to bar additional discovery. *Id.* at 8. The Court noted, however, that "[a]ny further amendment to infringement contentions shall require leave of Court and a showing of good cause." *Id.* Since then, NVIDIA produced over 730,000 pages of additional materials and uploaded seven additional sets of source code on its review computer in Seattle, Washington. X-3, X-4, X-5, X-6, X-7. On June 8, 2026, following months of repeated requests, NVIDIA finally uploaded source code for NVIDIA's ***Riva*** application and application framework. X-6. Plaintiff now seeks leave to amend the infringement contentions to add references to NVIDIA's belatedly produced ***Riva*** source code.

## Legal Standard

The final contention deadline "does not relieve the parties of the obligation to seasonably amend if new information is identified after initial contentions." *Cutting Edge Vision LLC v. TCL Tech. Group Corp.*, 2023 WL 4002539, at *1 (W.D. Tex. June 14, 2023) (Gilliland, J.). "The inclusion of this language indicates that the Court anticipates, and expects, parties to amend their final contentions as discovery progresses in the case and the parties further develop their infringement theories." *Id.*; *see also id.* at *2 ("Indeed, parties have an *obligation* to supplement their disclosures along the way as the trajectory of the case changes." (Emphasis in original). "[A]s discovery unfolds, new facts are developed, and theories are fine-tuned. As such, diligent parties who are properly prosecuting their case will likely find themselves needing to amend their contentions after the final deadline." *Id.*

In *Trustees of Purdue University v. STMicroelectronics, Inc.*, 2023 WL 4923972, at *2 (W.D. Tex. Aug. 1, 2023), the Court held that the plaintiff Purdue did not need to amend its contentions because Purdue did not add new theories, products, or claims to the case. "There are no new claims asserted in the May infringement contentions. Neither do these contentions add new legal theories of infringement such as inducement or contributory infringement." *Id.* But the Court permitted amendments because: "The evidence included in the May amended infringement contentions is certainly important and would undoubtably have otherwise appeared in expert reports, as it identifies with greater specificity the precise measurements that Purdue contends demonstrate infringement." *Id.* at *3. The amendments to the ***Riva*** charts similarly expound on and add evidence to the existing infringement contentions principally to avoid any dispute *after* expert reports.

Courts consider the following factors when determining whether to allow a party to supplement infringement contentions: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Cutting Edge*, 2023 WL 4002539, at *2 (quoting *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009)). These factors favor granting leave.

## Argument

### 1. Plaintiff Has Been Diligent

Plaintiff has been diligent in both seeking discovery and amending its contentions as necessary to put NVIDIA on notice of its infringement theories and evidence. The delay, if any, results from NVIDIA trickling out information largely in response to Plaintiff's complaints about

deficient productions. *See, e.g.*, X-8; X-12; Dkt. 155. Since the date of Plaintiff's Supplement to its Final Infringement Contentions on January 20, 2026, NVIDIA has produced well over 830,000 pages of material. *See* X-3. Likewise, since January 20, NVIDIA made available for inspection hundreds of source code files relevant to the accused functionality, including the ***Riva*** source code files at issue in this motion. According to NVIDIA it uploaded previously undisclosed source code on February 6, February 17, June 8, and June 12, 2026. X-4, X-5, X-6, X-7. This is not to mention that NVIDIA repeatedly hid behind publicly available source code, intentionally withheld non-public source code, and failed to produce the ***Riva*** source code until months after the Court compelled NVIDIA to produce it. *See, e.g.,* Dkt. 155 at 1-2.

The timing of this motion directly traces to NVIDIA's actions. On September 9, 2025, this Court ordered NVIDIA to produce source code for several applications and application frameworks, including ***Riva***. Dkt. 103. On November 26, 2025, Plaintiff complained that NVIDIA "produced only high-level demonstration code and sample client applications, not the non-public backend and implementing code the Court ordered NVIDIA to produce." X-8. In December 2025, January 2026, and February 2026, NVIDIA trickled out additional source code for review on its source code computer in Seattle. X-4, X-5, X-9, X-10, X-11. But NVIDIA continued to withhold the ***Riva*** source code. Instead of producing the necessary code, NVIDIA intentionally withheld it, forced Plaintiff into a discovery dispute, and sought to block Plaintiff from obtaining any non-public ***Riva*** source code. Dkt. 155, at 2. Even after the Court rejected NVIDIA's attempt to block production of the ***Riva*** source code on March 27, 2026 (Dkt. 155), NVIDIA continued to withhold the ***Riva*** source code.

On April 29, 2026, Plaintiff informed NVIDIA that "Riva has a relevant closed source portion that was not produced" and requested that NVIDIA "immediately produce: the Riva server

docker files, source code, and containers (e.g., Riva ServiceMaker), including the tools riva-build and riva-deploy." X-12. On May 7, 2026, Plaintiff informed NVIDIA that "[w]e've not received a response" and requested a meet and confer. *Id.* On May 8, 2026, NVIDIA responded that it was "investigating" the Riva closed-source code. *Id.* On June 1, 2026, Plaintiff followed up with NVIDIA again, asking "[w]hat is the result of NVIDIA's investigation and will it be producing this code?" *Id.* NVIDIA did not produce the requested code until June 8, 2026—months after the March 27, 2026 hearing rejecting NVIDIA's attempt to block such discovery. X-6.

In *Cutting Edge,* the Court found that the diligence factor weighed in favor of granting leave because the plaintiff was not dilatory in seeking information and "[i]f anything, Defendant was slow to produce documents," and any "attempt to run out the clock" should not be held against the plaintiffs. 2023 WL 4002539, at *2. The Court found that "all indications suggest that Plaintiff has been diligent in obtaining discovery" that it would be a "different story" if plaintiff "had simply sat on its hands slowly prosecuting its case." *Id*. In this case as well, Plaintiff has been diligent in seeking discovery, pressing NVIDIA for documents, and requesting and reviewing source code. It cannot be argued that Plaintiff is sitting on its hands and waiting for discovery to appear at its doorstep. To the contrary, if anything, NVIDIA has backloaded discovery and waited to produce documents until *after* Plaintiff served final infringement contentions. Further, Plaintiff was diligent in amending its contentions following a review of the voluminous and complex source code that NVIDIA produced after months of urging.

In *Cywee Group Ltd. v. Samsung Electronics Co. Ltd.*, 2018 WL 5834148, at *2 (E.D. Tex. Nov. 7, 2018), the court ruled that Cywee was diligent in conducting the discovery that ultimately led to the amended contentions, "even though that process took several months to complete." The court also found legitimate reasons for the delay in serving amended contentions, *i.e*., as here, that

the plaintiff did not have the necessary source code until late in discovery. *Id*. at *7; *see also Wisk Aero LLC v. Archer Aviation Inc*., 2022 WL 5007912, at *4 (N.D. Cal. Oct. 4, 2022) (finding that plaintiff was diligent even with a two-month delay between discovering the information and seeking leave); *Nuance Commc'ns, Inc. v. ABBYY Software House*, No. C 08-02912 JSW MEJ, 2012 WL 2427160, at *2 (N.D. Cal. June 26, 2012) (finding diligence despite a period of a "few months" between the new information and moving for leave). Against this standard, Plaintiff was indisputably diligent in both seeking discovery and amending its contentions.

The amount of information unearthed in recent months justifies supplementation. This deluge of material is precisely the scenario envisioned by the Court in *Cutting Edge*. "The Court is cognizant that, as discovery unfolds, new facts are developed, and theories are fine-tuned. **As such, diligent parties who are properly prosecuting their case will likely find themselves needing to amend their contentions after the final deadline**." *Cutting Edge*, 2023 WL 4002539, at *2 (emphasis added); *see also Arigna Tech.*, 2022 WL 2761288, at *2 ("It is expected that during the course of discovery, infringement contentions may be clarified or refined based upon information produced during discovery."). Having taken this discovery and unearthed non-public ***Riva*** source code, Plaintiff seeks to comply with its obligation to supplement its contentions with information not presented previously and fine-tune its allegations. Plaintiff should not be punished for meeting its disclosure obligations. *See Am. Video*, 359 F. Supp. 2d at 560 (noting "[a]lthough defendants vigorously and rightly guard their source code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions."). This factor weighs heavily in favor of granting leave.

**2. Importance of the Supplemental Information**

This factor also militates in favor of granting leave. "[T]he issue of infringement is an important one, and it would be important to promptly and efficiently adjudicate this matter." *Cutting Edge,* 2023 WL 4002539, at *3. Moreover, not only does permitting supplementation streamline issues for trial, it also avoids a protracted dispute about allegedly "new" material being presented in an expert report. In *Purdue*, the Court acknowledged this risk, noting that courts have struck infringement evidence and theories disclosed for the first time in expert reports. 2023 WL 4923972, at *2. The Court noted that "[t]his creates an incentive for parties to over-amend infringement contentions out of fear of having them later struck from expert reports." Avoiding such a dispute counsels in favor of granting leave.

**3. NVIDIA Faces No Prejudice**

Granting leave does not prejudice NVIDIA. Plaintiff does not seek to add patents or claims, meaning no further claim construction is necessary. Plaintiff is not adding a new infringement theory, such as induced or contributory infringement. Nor is Plaintiff looking to add products to this case. Indeed, NVIDIA's own documents and non-public source code describing the presently accused products are the source of the amendments. The amendments simply provide further color as to how NVIDIA's own products work—an issue on which NVIDIA certainly has no need for discovery. Thus, this factor also favors granting leave. *See Purdue*, 2023 WL 4923972, at *2 ("Defendants were unable to articulate any specific prejudice, such as additional witnesses or documentary evidence they would need to uncover, if the Court were to grant leave to amend.").

**4. A Continuance Is Not Necessary**

Finally, a continuance is not needed given that the scope of the case will not materially change with an amendment to incorporate the ***Riva*** source code. NVIDIA will suffer no prejudice

with the proposed amendments, which simply update existing infringement contentions that reference publicly available source code, and update those references with non-public source code that NVIDIA belatedly produced in June 2026. This factor also favors granting leave.

**Conclusion**

Plaintiff respectfully requests leave to amend its infringement contentions with ***Riva*** source code that NVIDIA belatedly produced.

Respectfully submitted,

/s/ Rocco Magni

Max L. Tribble
Texas State Bar 20213950
Brian D. Melton
Texas State Bar 24010620
Rocco Magni
Texas State Bar 24092745
SUSMAN GODFREY L.L.P.
1000 Louisiana
Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
bmelton@susmangodfrey.com
rmagni@susmangodfrey.com

*Attorneys for Plaintiff, Neural AI, LLC*

CERTIFICATE OF CONFERENCE

On September 24, 2026, Plaintiff sent NVIDIA's counsel a copy of the amended infringement contentions. On September 28, 2026, Plaintiff's counsel (R. Magni) conferred with NVIDIA's counsel (B. Rosenthal). NVIDIA is opposed to the relief requested in this motion.

CERTIFICATE OF SERVICE

I certify that on September 28, 2026, a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

/s/ Rocco Magni
Rocco Magni