**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

NEURAL AI, LLC,

Plaintiff,

v.

NVIDIA CORPORATION,

Defendant.

Case No. 7:24-cv-00221-LS-DTG

**NEURAL AI'S RESPONSE IN OPPOSITION TO NVIDIA'S OPPOSED MOTION TO RESET PRETRIAL CONFERENCE AND TRIAL DATES**

Given the history of the parties' scheduling negotiations, Defendant NVIDIA Corporation's ("NVIDIA") motion to extend the schedule and continue the trial date (Dkt. 217) ("Motion" or "Mot.") is a transparent effort to use scheduling to gain a tactical advantage. NVIDIA agreed to and reaffirmed the current summary judgment, pretrial, and trial dates multiple times with full knowledge of the broad scope and complexity of this case, which it has noted many times during disputes over Plaintiff Neural AI, LLC's ("NAI") infringement contentions. In fact, in July 2026 when NAI asked NVIDIA to agree to extend discovery and offered to move the trial date, NVIDIA refused, noting that it wanted to hold the discovery and trial dates to dispose of the case faster. Now NVIDIA wants the opposite. It is easy to understand why. NVIDIA wanted a tighter schedule when it would burden NAI and now wants a more flexible schedule when it would benefit NVIDIA. But it would be fundamentally unfair to reward NVIDIA's gamesmanship after NAI operated in good faith under the parties' discovery deadlines. In short, nothing about this case has changed from when NVIDIA agreed multiple times to the dates it now seeks to change and there is no reason to continue the trial date.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)). In determining whether good cause exists, courts consider four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Id.* at 237–38 (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d

161, 167 (5th Cir. 2010) (alterations adopted)); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Courts routinely deny requests to extend scheduling deadlines or continue trial where the movant fails to establish sufficient justification for departing from the existing schedule. *See, e.g.*, *Squyres*, 782 F.3d at 237–39; *S&W Enters*., 315 F.3d at 537; *Geiserman v. MacDonald*, 893 F.2d 787, 790–92 (5th Cir. 1990) ("Adherence to reasonable deadlines is critical to restoring integrity in court proceedings."); *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, 2022 WL 4240937, at *3 (W.D. Tex. Aug. 16, 2022) (denying opposed motion to extend trial date in patent infringement action because "future scheduling orders would carry little to no weight rendering trial dates meaningless"); *Grady v. BP Expl. & Prod., Inc.*, 2024 WL 50840, at *4 (E.D. La. Jan. 4, 2024) (denying motion to continue trial and pretrial deadlines despite outstanding discovery disputes because a continuance would "result in further delay and expense"). NVIDIA cannot establish good cause for several independent reasons.

***First***, NVIDIA makes no attempt to establish good cause. Its Motion does not even mention "good cause," much less identify the governing standard or explain how that standard is satisfied. Nor does NVIDIA cite any legal authority authorizing its requested continuance. *See* W.D. Tex. Loc. R. CV-7(c)(1) ("All motions must state the grounds therefor and cite any applicable rule, statute, or other authority, justifying the relief sought"). This independent defect warrants denial. *See, e.g.*, *Woolery v. Doty*, 2023 WL 416556, at *2 (N.D. Tex. Jan. 25, 2023) ("When a party ... does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." (citation omitted)); *Oglesby v. Masse Contracting, Inc.*, 2020 WL 3063849, at *2–4 (E.D. La. June 9, 2020) (denying motion to continue trial where movant failed to address Rule 16(b)(4) and the good-cause factors); *Miles v. Illini State Trucking Co.*, 2017 WL 8677336, at *1 (N.D. Tex. May 4, 2017) (same).

***Second***, NVIDIA identifies no new development since its most recent scheduling agreement that prevents compliance with the schedule. The case's complexity was known long before this Motion. In March 2026, lead counsel for NVIDIA stated, "I've been doing this for a while. I don't remember a **case with this many diverse, different accused products** in it. It is a very unwieldy case. **It's been an unwieldy case from the beginning**." March 19, 2026 Hearing Tr. at 5:22-6:1 (emphasis added). Counsel continued, stating, "And to give the Court a sense of **how vast this case is**, they served 110 separate charts as part of their infringement contentions, 25,000 pages of documents." *Id.* at 9:5-11 (emphasis added). NVIDIA's new complaint about the length of NAI's opening infringement report, Mot. at 1-2, simply restates that same point: the report tracks the contentions NVIDIA has had for months, and roughly 20,000 pages consist of additional appendices. *Id.* The same is true of the number of accused products, software packages, and the damages at issue, all of which NVIDIA knew when it agreed to the current schedule.

Nor has NVIDIA only recently determined that it will seek summary judgment. NVIDIA has asserted non-infringement, invalidity, and damages defenses throughout this litigation. *See generally* Dkt. 127 (NVIDIA's Amended Answer). And NVIDIA identifies no newly arising issue, particular expert deposition it cannot complete, pretrial submission it cannot timely file, or other concrete obstacle requiring a continuance.

***Third***, with full knowledge of the scope of the case, NVIDIA repeatedly proposed the January 25, 2027 trial date and associated pretrial deadlines. NVIDIA first agreed to these dates on April 30, 2026. Dkt. 162. In July 2026, NVIDIA again reaffirmed those dates and further committed to a December 15 deadline for dispositive and *Daubert* motions. Dkt. 180. On September 22, 2026, NVIDIA *again* agreed to the very dates it now claims are unworkable. Dkt. 205; Mot. at 2.

In fact, as part of the July scheduling agreement, when NAI's counsel asked lead counsel for NVIDIA whether it would agree to extend discovery—even if that meant moving the trial date by two months—NVIDIA stated it wanted to hold the trial date and wanted discovery to be closed. Yet during the meet and confer on its present Motion, NVIDIA's lead counsel explained its reversal by stating that NVIDIA previously wanted discovery closed, and now it was. Translation: NVIDIA used its justification to hold the trial date to jam NAI on discovery, but now seeks to extend that same date for its own benefit. This gamesmanship should be rejected.

***Fourth***, the parties repeatedly agreed to the schedule with full knowledge of the anticipated pretrial workload.[1] While NVIDIA now says the timing of dispositive motions, the pretrial conference, and the trial is "unworkable," it raised no such objection on any of the occasions it agreed to those dates. If NVIDIA truly thought the schedule was unworkable, why did it ask the Court multiple times to enter an unworkable schedule? NVIDIA never explains why the schedule it repeatedly proposed can no longer be met. Much of the pretrial workload NVIDIA now cites is of its own making. For example, NVIDIA previews *Daubert* motions on three reports and "several" summary judgment motions on non-infringement, invalidity, and damages. *Id.* And the bulk of the hardship under this schedule, including over the holidays, falls on NAI, not NVIDIA. NAI will have to respond to NVIDIA's December 15 summary judgment motions over the holiday season. Like NVIDIA, NAI recognized the burden it faced each time it agreed to submit a schedule to the Court.

[1] For the avoidance of doubt, NAI does not concede that a single five-day trial is sufficient to try all accused products and issues. As NAI expressly stated in the parties' Joint Motion for Entry of Scheduling Order (Dkts. 162, 180), NAI proposes having a multi-week trial or bifurcating the case into multiple trials. NAI's opposition to continuing the existing trial date is without prejudice to these positions.

***Fifth***, the Court has also affirmed the current schedule. The Court is experienced in handling complex matters and motions. With that experience, the Court has repeatedly signed off on the current trial schedule (Dkts. 181, 208), even rejecting as moot NAI's request for a status conference to set the trial date. *See* Text Order, Aug. 3, 2026. Summary judgment and *Daubert* motions will be fully briefed ten days before the final pretrial conference and twenty days before trial.[2] NVIDIA tells the Court that it is "not feasible" for the Court to resolve these motions "in a matter of weeks." Mot. at 2-3. The Court has already considered the schedule, with full knowledge of the complexity of this case, and determined otherwise.

***Sixth***, the remaining issues NVIDIA identifies do not warrant a continuance. NVIDIA points to NAI's six pending motions to compel third parties (Mot. at 2), but motions concern third-party discovery that NAI—the party seeking it—is prepared to pursue on the current schedule, and NVIDIA does not explain how their resolution would require moving the trial date. NVIDIA also points to NAI's proposal to amend its contentions as to one accused software package. *Id.* That proposal concerns one of 25 accused software packages that was expressly accused and charted in January 2026 (*id.* at 1), and can be resolved promptly through the ordinary process without disturbing any other deadline. NVIDIA identifies no additional discovery or expert work that this discrete proposal would require, much less why it necessitates moving trial.

***Seventh***, a continuance would prejudice NAI. NAI has organized its experts, witnesses, and trial preparation around the agreed January 2027 trial date, and every month of delay postpones NAI's ability to obtain a remedy for NVIDIA's infringement. NVIDIA's request is also not the "modest" extension it claims. NVIDIA asks the Court to vacate the trial date, move trial by as

[2] NVIDIA asserts that dispositive motions will not be fully briefed before the final pretrial conference. Mot. at 2. That is incorrect. Applying Local Rule 7, NAI's responses are due on December 29, and NVIDIA's replies are due January 5.

much as four months, and then have the parties negotiate an entirely new scheduling order. Mot. at 3; Dkt. 217-1. That open-ended approach would inject unnecessary uncertainty into the case and reward NVIDIA with months of delay after it insisted on holding the trial date and closing discovery.

***Eighth***, to the extent the Court desires additional time to consider pretrial motions, lesser measures are available that preserve the trial date. For example, the Court could expedite briefing or argument on dispositive and *Daubert* motions, limit the number or length of summary judgment motions, or take up *Daubert* motions at the final pretrial conference. NAI is willing to meet and confer with NVIDIA on such adjustments. A four-month continuance is not necessary.

For these reasons, NAI respectfully requests that the Court deny NVIDIA's request to uproot the already agreed and established schedule by as much as four months and to move forward with the final pretrial conference on January 15, 2027 and trial on January 25, 2027.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Rocco Magni*

Max L. Tribble
Texas State Bar 20213950
Brian D. Melton
Texas State Bar 24010620
Rocco Magni
Texas State Bar 24092745
Chanler A. Langham
Texas Bar No. 24053314
Samuel Drezdzon
Texas State Bar 24117374
SUSMAN GODFREY L.L.P.
1000 Louisiana
Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

mtribble@susmangodfrey.com
bmelton@susmangodfrey.com
rmagni@susmangodfrey.com
clangham@susmangodfrey.com
sdrezdzon@susmangodfrey.com

Tamar Lusztig
NY State Bar 5125174
Emily Portuguese
NY State Bar 5920327
One Manhattan West, 50th Floor
New York, NY 10001
tlusztig@susmangodfrey.com
eportuguese@susmangodfrey.com

Tanner Laiche
WA State Bar 60450
401 Union Street, Suite 3000
Seattle, WA 98101
tlaiche@susmangodfrey.com

Mark D. Siegmund
Texas State Bar No. 24117055
CHERRY JOHNSON SIEGMUND JAMES PC
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
msiegmund@cjsjlaw.com

Max Ciccarelli
Texas State Bar No. 00787242
CICCARELLI LAW FIRM LLC
100 N. 6th Street, Suite 502
Waco, Texas 76701
Max@CiccarelliLawFirm.com

*Attorneys for Plaintiff Neural AI, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2026, I caused the foregoing to be served via ECF on all counsel of record.

*/s/ Rocco Magni*
Rocco Magni